## SEYMOUR vs. COLBURN.

CONTRACTS. *(1) Possession essential to a pledge.*
CHARGE TO JURY. *(2) What remark of court to jury no part of the charge.*

1. Possession by the pledgee is essential to a pledge: actual possession when practicable; constructive possession when actual possession is impracticable.
2. In replevin, where it appeared that defendant, at the time of taking the goods in controversy, took also certain others, the jury, after being instructed as to the subject of the suit, inquired what disposition they should make of such other goods, and were informed by the judge orally that they had nothing to do with them. *Held,* that this statement was no part of the charge, and was not the subject of exception; and it was an abuse of discretion to grant a new trial on the ground that such statement was made to the jury without having been reduced to writing.

APPEAL from the Circuit Court for *Chippewa* County.

Replevin, for certain agricultural implements. The plaintiff obtained possession under the statute.

Plaintiff claimed under a mortgage of the goods given him by one Capron, November 5, 1875, to secure Capron's note of that date, payable in thirty days. The mortgage was duly filed; and a part of the mortgage debt remained unpaid at the commencement of the action.

Defendant took the goods, with others belonging to Capron, upon an attachment against the latter in favor of one Tierney, who recovered judgment in the attachment suit for rent of the building in which Capron's goods were stored, for six months from September 3, 1875. In the present action he testified that when Capron put his goods in said building, he (defendant) demanded a month's rent in advance. "He then told me that he had no money, but said: ' I will agree not to take the goods out of your house, but leave them here until you are secured for your rent.' The goods stayed there with me until about the 1st of May, 1876. He never paid me any rent during that time. In order to secure my rent, I attached the goods. * * I suppose he (Capron) was traveling around trying to make sales of those machines in his hands. He put them in my hands to have a place to store them. * * I suppose he sold some of the goods. He rented the building for the purpose of selling agricultural implements. He stayed there along in the fall and opened up, and in the winter he stayed away on a homestead, and in the spring he was coming back to open up again. * * He said the goods should not leave; as they left, I should have my rent. * * He gave me a price list [of the goods], and told me to sell what I had a chance to, in his absence, and agreed to give me a percentage."

The court charged the jury, among other things, in substance, that if, before the execution of the mortgage to plaintiff, the goods were pledged to Tierney, then defendant was entitled to recover the amount found due Tierney in his attach-

ment suit; otherwise, plaintiff was entitled to the possession of the goods at the commencement of the action.

Verdict for the plaintiff. Defendant moved for a new trial on the judge's minutes and charge, and for the reason that after the jury had retired to consider their verdict, they came into court and asked what disposition they should make of the goods attached by the sheriff besides those mentioned in the complaint, to which the court replied in the following words, not reduced to writing before or at the time of their delivery: " I charge you that the other goods mentioned in the sheriff's return have no bearing upon the issue in this case. You will disregard all testimony but such as relates to the goods mentioned in the complaint."

The court made an order, reciting that the motion for a new trial was on the last mentioned ground, " among others," and granting the motion. From this order plaintiff appealed.

For the appellant, a brief was filed by *Carr & Flint*, and there was oral argument by *J. E. Carr.* They contended, *inter alia*, 1. That defendant's own evidence showed that there was no *pledge* of the goods, but that they were in Capron's possession in a building *rented* by him as a store for the purpose of selling them. To constitute a pledge, the goods must be actually delivered. Wait's L. & P., 143; 2 Bouv. L. Dic., 339, n. 2, and 342, n. 11. 2. That if the goods were ever pledged, the attachment was a surrender of the pledge. 1 Schouler on P. P., 494. 3. That the words spoken to the jury, upon their reappearance in court, were no part of the judge's instructions upon any issue of law or fact in the case. *Hasbrouck v. Milwaukee*, 21 Wis., 238; *Millard v. Lyons*, 25 id., 516; *Grant v. Conn. M. L. Ins. Co.*, 29 id., 125.

The cause was submitted for the respondent on the brief of *Arthur Gough.* He argued, among other things, that a pledgee of goods may proceed against the pledgor in a personal action, without selling the pledge (2 Stra., 919; *Anon.*, 12 Mod., 564; Holt N. P. C., 461; 3 Parsons on Con., 272; 1 Schouler on P.

P., 521); that his lien by virtue of the pledge would fail only upon a complete redelivery of the goods to the pledgee (1 Schouler, 513, and cases there cited), and a delivery of the goods to the sheriff, who acted as the pledgee's agent in seizing them upon the attachment, was not such a redelivery to the pledgor; that the jury were therefore properly instructed that if the goods were pledged to Tierney for the value of the rent or storage, before the execution of the chattel mortgage, defendant was entitled to recover the amount found due Tierney in the attachment suit; that the verdict was against the law as thus stated, and the evidence, and a new trial was proper for that reason, as well as for the giving of an important charge to the jury, which was not at the time reduced to writing. Ch. 101 of 1868.

RYAN, C. J.  We do not understand it to be denied, indeed it could not well be, that the appellant's mortgage must prevail over the attachment issued to the respondent. And the only question in the case, on the merits, is, whether the respondent was protected by the pledge of the goods by Capron to Tierney, which he pleads.

Whether the transaction between Capron and Tierney would amount to a pledge, if accompanied by possession, and whether the attachment would have been a waiver of the pledge (*Townsend v. Newell*, 14 Pick., 332; *Whittaker v. Sumner*, 20 id., 399), are questions which we need not consider. For it is quite manifest that Capron remained in possession of the goods in the building which he hired from Tierney, until they were taken by the respondent on the attachment; and that Tierney had no possession of them, either actual or constructive. Tierney issued his attachment because he had not possession. The rule is elementary, that possession by the pledgee is essential to a pledge; actual possession when practicable, constructive possession when actual possession is impracticable. To constitute an executed pledge, there must be some

transfer of possession, actual or constructive. Story on Bail., §§ 286–299. It would be mere waste of time to discuss the point.

The merits of the case, therefore, afford no ground for a new trial.

But it appears that the respondent had levied his attachment on other goods besides those in controversy in this case; and that, after the jury had been charged and had retired to consider their verdict, they returned for instruction what disposition to make of those other goods. The learned judge of the court below, not unnaturally or inaccurately, told them that those goods were not in the case, and that the jury had nothing to do with them. It appears that this piece of information was orally given to the jury; that afterwards the learned judge was persuaded to regard it as a part of his charge; that he thus became sensible of a grave offense against the statute, because his reply was not reduced to writing; and thereupon granted a new trial, by way of judicial atonement for the wrong which his unlicensed speech had done to the respondent.

It is difficult to deal gravely with such a position. The learned judge's answer to the question was no part of his charge; was not the subject of exception, and had no more to do with the case than the goods about which the jury inquired. The jury asked an irrelevant question, and the learned judge simply told them that it was irrelevant. *Hasbrouck v. Milwaukee*, 21 Wis., 217; *Millard v. Lyons*, 25 id., 516.

There was no color of legal ground for a new trial; and the order was an abuse of discretion.

*By the Court.*— The order granting a new trial is reversed, and the cause remanded with directions to the court below to proceed to judgment on the verdict.