SICKLER and husband, Respondents, vs. THE TOWN OF LA VALLE, Appellant.

*March 3 — March 16, 1886.*

COURT AND JURY: NEW TRIAL. *(1) Preliminary remarks as to duty of jurors. (2) Irrelevant instructions.*

1. In an action against a town to recover damages for an injury sustained by reason of a defective highway, the trial judge, after twelve jurors of the regular panel were called and had taken their seats, and before they were sworn or the parties had exercised their rights of challenge, said to them, in substance, that he had learned that in a similar case tried at that term some of the jurors had taken the ground that no matter what the testimony or merits of the case might be, they would not find a verdict against a town for damages occasioned by a defective highway. He then reminded them of their duty, and the obligation which their oath imposed, to try and decide such cases according to the law and testimony adduced, regardless of their individual opinions as to the wisdom or

justice of the law making towns liable in such cases, and told them that as jurors they had nothing whatever to do with the policy of the law, but were bound to administer it faithfully while it was in force. *Held*, that such remarks were proper and furnished no ground for a new trial.

2. When a charge to a jury correctly states the law as to the points in issue, and leaves all questions of fact to the jury, and does not assume facts about which there is a conflict of testimony, and when, taken together, there is nothing in it to mislead the jury on any material point, a new trial will not be ordered because it discusses rules of evidence not pertinent to the case, and some remarks in it are inapplicable to the facts shown by the evidence.

APPEAL from the Circuit Court for *Sauk* County.

This is an action brought against the town of *La Valle* to recover damages for an injury sustained in consequence of a defect in a highway in that town. The appeal is from a judgment in favor of the plaintiffs. Other facts will appear from the opinion.

*G. Stevens*, for the appellant.

For the respondents there was a brief by *Miner & Berryman*, and oral argumemt by *Mr. Berryman*.

COLE, C. J. The learned counsel for the defendant candidly admits that there is abundant testimony to support the verdict, both in respect to the question whether the female plaintiff was driving with due care when she was thrown from the wagon, also whether there was a defect in the highway which caused the injury. He very correctly concedes that the testimony upon both these points is so conflicting that the court would not be justified in disturbing a verdict for either party upon it if the case had been fairly submitted by the trial court; and the only errors complained of relate to the directions of the court to the jury, and the unfair and argumentative manner in which the case was submitted.

First, he says the circuit judge erred in his remarks to

the jury at the commencement of the trial and before the jury was sworn. The record shows that when twelve jurors of the regular panel were called and took their seats in the jury-box, and before the parties had exercised their respective rights of challenge, the circuit judge addressed them, saying, in substance, he had learned that in a case of a similar character to this, tried at that term, some of the jurors had taken the ground that no matter what the testimony or the merits of the case might be, they would not find a verdict against a town for damages occasioned by a defective highway. The circuit judge then proceeded to remind the jurors of their duty, and the obligation which their oath imposed, to try and decide such cases according to the law and testimony adduced, regardless of their individual opinions as to the justice or wisdom of the statute which made towns liable for injuries resulting from defective highways. The judge told them that, as jurors, they had nothing to do with the wisdom of the statute; that it was their duty to administer it faithfully while it was in force. This is the substance of the observations made by the circuit judge, and it seems to us they were eminently proper if he had reason to believe, as he doubtless had, that any of the jurors had taken the position suggested; for a jury trial would be worse than a farce if jurors were so destitute of moral principle, and so regardless of the sanctions of their oath, as to find in favor of a town in cases of this character, however clear and conclusive might be the testimony establishing its liability. And if the circuit judge had grounds to suppose that any person on the jury needed instruction as to his duty to listen impartially to the evidence and find according to the facts proven by it, he was quite right in saying what he did. The parties still had the right of challenge to the jurors in the box to whom these remarks had been made; and if a new trial should be granted in this case because of some unfavorable impression

made upon the minds of the jurors by the remarks of the judge, it should be granted in every case tried by the panel at the term, as doubtless all the jurors heard them.

The defendant's counsel further assigns ten distinct errors to the charge. It would be burdensome to notice these alleged errors in detail, and we shall not attempt' to do so. The serious objection taken to the charge is that the circuit judge assumed the existence of facts about which there was conflicting testimony, and invaded the province of the jury by indicating his opinion as to the credit which should be given different witnesses. The charge is quite lengthy, and is fairly open to the criticism made upon it of discussing some rules of evidence not pertinent to the case. This is true about the remarks in regard to "hearsay evidence," which seem out of place because there was no testimony of that kind given. But when the charge is considered together, not in disconnected passages, we think there is nothing in it which could mislead the jury on any material point. The objection that the circuit judge attempted to influence the minds of the jury on questions of fact we deem untenable; nor do we think it quite correct to say that the circuit judge assumed the existence of facts about which there was conflicting testimony. It is said that such an error was committed in more than one instance in the charge. In one place the circuit judge told the jury that " in this case the defect complained of, if defect there was, was in the traveled track, or very near it,— one or the other, as all the testimony shows." We certainly so understand the testimony. So, as to what is said about the width of the traveled track, a clause in the charge excepted to. There, the judge obviously meant that all the travel at the place where the accident occurred was practically in one track. The judge further said that whenever there was a stump or a stone or any other object in the traveled track, or so near it that it was liable to cause an ac-

cident to persons traveling on the highway with ordinary caution and prudence, it was a defect. But he left it to the jury to determine whether such an obstruction existed in this case. What was said about "fast driving not being negligent driving, or fast driving in connection with reckless driving," etc., was entirely inapplicable, because there was not a particle of evidence showing any reckless driving. Many of the remarks of the circuit judge are certainly not pertinent to the case, but it is not easy to avoid everything unimportant or irrelevant when summing up a case to a jury. The law seems to have been correctly given upon the points in issue, and all questions of fact were left to the decision of the jury; and without further dwelling upon the charge, we will say the exceptions to it afford no ground for a new trial.

*By the Court.*— The judgment of the circuit court is affirmed.