MOORE, Respondent, vs. THE CITY OF PLATTEVILLE, Appellant.

*January 16 — February 3, 1891.*

*(1–3) Municipal corporations: Defective sidewalk: Negligence in making repairs: Court and jury: Evidence. (4) Instructions to jury: What must be reduced to writing.*

1. In an action for personal injuries sustained through the breaking of a plank in a sidewalk, it appeared that the plank in question was a new piece four feet long, four inches wide, and two inches thick, resting upon a stringer at each end; that it had been placed there

by the authorities of the defendant city, about three weeks before the accident, to repair a rotten place in the walk; and that it broke when the plaintiff, who weighed 175 pounds, stepped upon it. *Held*, that these facts tended to show that the plank was a defective one, and that the city was negligent in selecting it to be used in making the repairs.

2. Evidence, offered by the defendant, that it was a common practice to repair walks in that way, and that a sound plank of those dimensions, when supported by stringers four feet apart, would sustain the weight of two heavy men, was properly excluded.

3. Evidence that cows sometimes passed along the walk, offered as tending to show that one of them might have broken the plank before the plaintiff stepped on it, was also properly excluded.

4. After the jury had retired and had deliberated for some time without agreeing, the trial judge had them brought into court, and made some remarks to them as to their duty as jurors and the importance of their agreeing upon a verdict if they could do so without the sacrifice of honest convictions. *Held*, that these remarks were no part of the charge which, by sec. 2853, R. S., is required to be reduced to writing.

APPEAL from the Circuit Court for *Grant* County. The case is sufficiently stated in the opinion.
*D. J. Gardner*, for the appellant.
*W. E. Carter*, for the respondent.

TAYLOR, J.   This action was commenced by the plaintiff to recover for injuries which she alleges she received by falling through a plank sidewalk on one of the public streets in said city.   She also alleges that her fall and injury were the result of a defect in said sidewalk at the place where she was injured, occasioned by the use of a defective and insufficient piece of plank used by the said city in repairing such sidewalk.   The walk upon which she was traveling at the time she was injured, was constructed of plank placed lengthwise the street, upon stringers or supports four feet apart.   The planks used were eight inches wide and two inches thick.   At the place where the accident happened, one of the planks had decayed at the edge, and the city au-

thorities had repaired it by cutting out the decayed part in the side of the plank to a depth of four inches, and four feet in length, extending from one support to another, and putting in the space so cut out a piece of plank four feet long, four inches wide, and two inches thick. The walk, at the place where this repair was made, was about twenty inches above the surface of the ground beneath the same. This repair had been made about three weeks before the accident. The plaintiff, who weighs about 175 pounds, was, on the 21st day of August, 1889, passing along the street on her way to the depot, and while so passing she stepped on this small plank, and it broke near the middle, and she fell into the narrow space and was severely injured. The case was tried by the court and jury, and the plaintiff obtained a verdict upon which judgment was entered, and the city appeals to this court.

Upon the argument the learned counsel for the appellant insists that the verdict is wholly unsupported by the evidence; that the court erred in not nonsuiting the plaintiff upon the motion of the defendant.

The court instructed the jury, upon the question of the duty of the city in repairing its sidewalks, as follows: " It is the duty of a city to so construct and maintain its sidewalks as to render them reasonably safe and convenient for persons who have occasion to pass along them. The question of whether a particular sidewalk, in regard to the manner of its construction or the manner in which it has been repaired, is defective or not, is a question of fact to be determined by the jury from the evidence. The sidewalk of the defendant city at the place where the accident to the plaintiff happened became out of repair early in July last, by reason of one of the planks becoming rotten on its side, and by direction of the street commissioner of the city it was repaired by cutting out of the defective plank the rotten part and inserting in the gap thus made a piece of pine four

feet long, four inches wide, and two inches thick. This strip
was nailed at its ends to the cross-sills of the walk, which
sills were four feet apart from center to center. The piece
thus put in was lengthwise of the walk. If the insertion of
this strip as a part of the sidewalk was not a reasonably safe
method of repairing it, and the strip thus inserted consti-
tuted a defect in the walk, and by reason of such defect the
plaintiff, while passing along the walk with ordinary care
and prudence, broke through the sidewalk at this spot and
was injured, she is entitled to recover. If this method of
repairing the walk was a reasonably safe one, and would
ordinarily not constitute a defect in the sidewalk, and the
city employee who put in the strip used ordinary care and
prudence in selecting a proper piece of lumber for it, the
city is not liable because the strip broke by reason of some
defect in it, not discoverable by the exercise of ordinary
care and diligence upon the part of the workmen who put
in the strip, or of the street commissioner who afterwards
passed over the work. If the method adopted by the street
commissioner in repairing this walk was a reasonably safe
manner of doing so; if proper lumber was used, but the city
workmen who put in the strip did not exercise ordinary
care and diligence in selecting the strip, and because of such
want of ordinary care and diligence it was defective, and
its defective condition caused it to break when the plaintiff
stepped upon it, causing her injury, the plaintiff is entitled
to recover."

The court, at the request of the defendant, further in-
structed the jury as follows: " To render a city liable for a
defect in a sidewalk, the defect must be of such a character
that the city authorities, by using ordinary care and dili-
gence, could discover it. If you should find from the evi-
dence in the case that the defect was of such a nature that
the officials of the city could not have discovered it by using
ordinary care and diligence, the defendant is not liable in

Moore vs. The City of Platteville.

damages, and your verdict should be for the defendant city."

No exceptions were taken to any part of the instructions of the court to the jury. It was urged upon the argument that there was no evidence tending to show that the sidewalk was defective at the place where the accident happened. We cannot agree with the learned counsel on this contention. There was evidence that the two by four plank, with which the walk had been repaired a few weeks before the accident, broke under the weight of the plaintiff when she stepped on it, while she at the time was passing along in an ordinary walk. It seems to us this fact, standing alone, raises an inference that the repair made with that small plank, four feet long and two inches thick by four inches wide, was a defective repair of the walk at that place, not because the method of making the repair was defective and dangerous, but because the breaking of the small plank under the pressure of the weight of the plaintiff tended strongly to prove that the plank with which the repair was made was a defective one, and, in the absence of proof to the contrary, it is evidence tending to show that such defect in the plank might have been discovered by a man of ordinary skill exercising reasonable care in the selection of the plank for making the repair. Under the evidence it was not for the court to say, as a question of law, that the city and its employees were not guilty of negligence in selecting the plank with which the repair was made. The court properly left that question to the jury, under instructions sufficiently favorable to the defendant. The question whether the city had notice of the defect of the walk before the accident happened, is not in this case. If, as contended by the plaintiff, the defect consisted in repairing the walk with defective materials, then the city is liable for the acts of its agents and employees in making such defective and dangerous repair, and is chargeable

with notice of such defective repair from the time it was made.

It is also urged by the appellant that the court erred in rejecting evidence offered by the defendant, to show that it was a common practice to make repairs of the sidewalks in the way this was repaired. There was no question as to the manner of making the repairs before the jury. The question was whether the repair was made with material which would be reasonably safe when used in making a repair of the walk in the way it was repaired. It seems to us that the offer by the defendant to prove that a good, sound piece of plank, two inches thick, four inches wide, and four feet long, supported at the ends, would bear up the weight of two heavy men placed on the middle of it, was properly rejected. The fact, if proved, would rather tend to prove the contention of the plaintiff that the plank used in the walk was defective than otherwise, and in no way tended to prove that the plank in the walk would bear up that weight.

The offer to prove that the sidewalk was on a public street, and that cows were passing along said street and sometimes passed along the walk, as a ground for an argument that possibly a cow had passed along the walk and broken the plank before the plaintiff stepped on it, was too remote and uncertain a circumstance to be admissible evidence.

The learned counsel alleges as error for which the judgment should be reversed "that after the jury had retired to consider upon their verdict, and after they had been out some time, the judge called the jury into court, and, in the absence of the counsel for the defendant, made the following oral remarks to the jury." The learned circuit judge makes the following statement as to what was said and done when the jury came into court: "The jury retired to deliberate upon their verdict about the middle of the after-

Moore vs. The City of Platteville.

noon, on Saturday. The attorneys upon both sides resided in Platteville, and left the court room to return to their houses about four o'clock that afternoon; the judge remained in the court room waiting for the verdict until six o'clock, and then directed the jury to be brought into court. That having been done, the judge asked the jury if they had agreed upon their verdict. The foreman replied that they had not, and that there seemed to be no prospect of an agreement. Thereupon the court said to the jury ' that it would be his duty to ask them to again return and try to agree; that the parties to the action had incurred considerable expense in the trial, and that the county also had been at the expense of furnishing jurymen and the officers of the court for the trial, which amounted to about one hundred dollars a day, and that, if it could be, the parties and the county should not be put to the expense of a retrial; that this jury was an intelligent jury and could as well determine this case as another jury; that, while no juryman should be asked to sacrifice his honest convictions, all of them should bear in mind that all matters which had to be determined by a number of persons could only be determined by them by a comparison of views and an honest effort by them upon comparison to arrive at a common understanding; that one or two men upon a jury ought not to stand upon their first opinions as to what the verdict should be, and refuse to listen to the arguments of those who differed with them, but that all should consider the case with an honest purpose to arrive at a conclusion and bring in a verdict if possible; that the jury would now return to their room; and that the court expected them, when they again returned to the court room, to have agreed upon a verdict.' The jury again retired to their room, and within an hour returned into court with their verdict."

The counsel for appellant claims that these remarks to the jury, not being reduced to writing at the time, either by

the judge or the official reporter, is a violation of the provisions of sec. 2853, R. S. 1878. The remarks of the judge made to the jury, above quoted, are no part of the charge to the jury which is required to be reduced to writing by the above section. The prohibition of the statute is clearly directed to giving instructions to the jury upon the law or the facts of the case, and does not cover remarks made to the jury as to their duties generally as jurors. The paragraph of the section which declares that a violation of it shall be sufficient grounds for a reversal of the judgment, expressly says: " If any judge shall violate any of the foregoing provisions or make any comment to the jury *upon the law or the facts* in the trial in any action, without the same being so reduced to writing or taken down, the judgment rendered upon the verdict shall be reversed," etc. This court has had this section under consideration in several cases, and it has uniformly held that remarks made to the jury upon matters not relating particularly to the case on trial, and of a general character as to their duties as jurors, are not a part of the instructions required by the statute to be in writing, and that such remarks, when made orally, will not be a good ground for reversal of the judgment, unless they are such as must necessarily have prejudiced the rights of the defeated party. See *Hasbrouck v. Milwaukee*, 21 Wis. 238; *Grant v. Com. M. L. Ins. Co.* 29 Wis. 125; *Millard v. Lyons*, 25 Wis. 516; *Seymour v. Colburn*, 43 Wis. 67; *State v. Glass*, 50 Wis. 218; *Sickler v. La Valle*, 65 Wis. 572. The remarks made by the learned judge to the jury in this case do not seem to us of such a character as to justify this court in holding that they were prejudicial to the rights of the defendant, and that the judgment should be reversed for that reason.

The case seems to have been fairly tried, and submitted to the jury upon the facts, under a charge which was quite acceptable to the defendant, and, the evidence in the case

clearly tending to prove negligence on the part of the city, the judgment must stand.

*By the Court.*— The judgment of the circuit court is affirmed.