STATE, Respondent, v. PRICE, Appellant.
(138 N. W. 14.)

1. **Criminal Law—Review—Re ord—Instructions—Duty to Return Verdict.**

Where, on appeal from a judgment and an order denying a new trial, on a record involving instructions of trial court, but the evidence and instructions are not brought up, it will be presumed that the evidence sustains the verdict, and that the record was clear enough to warrant the trial court in making the statements it did concerning the duty of the jury to find some verdict.

2. **Criminal Law—Instructions—Coercion of Jury.**

Where, in a prosecution for assault with intent to kill, the jury having been out all night returned into court and asked for instructions regarding the punishment, the court instructed on that question, and that it was their duty to bring in one of four verdicts previously submitted by the court, that while the court did not intimate in the slightest degree what the verdict should be nor what kind of verdict should be returned, it was not right for them to disagree; that while every man has a right to his opinion, he should consider that he might be mistaken one way or the other, that the court expected verdicts in this court and had been in the habit of getting them; **held**

such instruction did not amount to coercion or to advising the jury that it was the duty of a minority to unite with the majority.

(Opinion filed October 25, 1912.)

Appeal from Circuit Court, Meade County. Hon. WILLIAM G. RICE, Judge.

The defendant, George Rice, was convicted of assault; and from a judgment on the verdict and from an order denying a new trial, he appeals. Affirmed.

*Harry P. Atwater,* for Appellant.

The fourth subdivision of Sec. 430, Code Crim. Proc. is: "When the verdict has been decided by lot or by any means other than a fair expression of opinion on the part of all the jurors."

It is the contention of the appellant in this case that the verdict found by the jury was not arrived at in a manner that afforded a fair expression of the opinion on the part of all the jurors. The jurors had retired during the afternoon of the day before, and had been kept in the jury room during the entire night, and until ten o'clock of the following morning had failed to reach a verdict. They were then brought into Court, when the Court instructed them, as complained of.

In twenty minutes the jurors returned a verdict of guilty. Under our jury system the juror takes a solemn oath to return a true verdict according to the evidence as he views it. The defendant is entitled to have a fair expression from each and every juryman. A minority of a jury may as likely be right as a majority, and a defendant has the right to the fair expression of the opinion of the minority as well as the majority. Blind passion may govern the majority and affect it's opinion, and it has often been the case that the calm, reasoning minority upon a jury have been able to prevent serious miscarriage of justice, and we believe that the instruction thus given by the Court was in effect that the minority must agree with the majority. If the Court had added that it might also be the duty of the majority to consider whether or not the minority might be correct the instruction would have hung at even balance between the defendant, and the State, and the instruction would not have been, as we now contend, a clear, straight instruction to the minority to agree with the majority.

Courts should weigh their words in instructing a jury. State v. Williams, 17 Cal., 147.

In the case of State v. Place, decided by this Court May 9th, 1906, reported 20th S. D. 489, 107 N. W. 829, this court passed upon the question here involved. State v. Bybee, 17th Kansas, 462; People v. Sheldon, 156, New York, 268, 50th N. E., 840, 66th Am. State Rep. 564; The Green v. Telfair, 11th How. Pr., 260; Slater v. Meade, 53rd How. Pr., 59; Goodsell v. Sealey, 46th Mich., 623, 10th N. W., 44, 41st Am. Rep., 183; Mahoney, et al v. San Francisco & S. M. Railway Co., 110 Cal., 471, 42nd Pac., 968; St. Louis and S. F. R. Co. v. Bishard, 147 Fed. 496; Allis v. United States, 155 U. S. 117, 123, 15th Sup. Ct. 36, 39th L. Ed. 91; Allen v. United States, 164 U. S. 492, 501, 17th Sup. Ct., 154; Burton v. United States, 196, U. S., 283, 307, 25th Sup. Ct., 243; the law, as laid down in the 16th Am. and Eng. Encyc. of Law, 522, (Ist Ed.); Cranston, administrator, v. New York Central and H. R. R. Co., 103 N. Y. 614, 9th N. E. 500; 38th Cyc., under the head of trials, at page 1858; Miller v. Miller, 41st Atl., 247; Sergeant v. Lawrence, 40th S. W., 1075; McPeak v. Missouri Pacific Railway Co., 30th S. W., 170; 38 Cyc., 1859.

*Royal C. Johnson*, Attorney General, *M. Harry O'Brien*, Assistant Attorney General, and *Claude C. Gray*, State's Attorney, for Respondent.

Instructions to the jury must be considered as a whole, and an isolated sentence containing an erroneous statement of the law, but which, when taken with the rest of the charge, cannot have misled the jury, is harmless error and does not warrant reversal. Hills's Dakota Digest, Vol. 1, "Error and Appeal," Sections 832-6; Hills Dakota Digest, Vol. 2, "Error and Appeal," Sections 450-2.

The contention is strongly supported by the case of U. S. v. Ingham, 97 Fed. 935; Carlisle v. State (Texas Cr. App.) 56 S. W. 365; State v. Tarlton, 22 S. D. 495; 118 N. W. 706; 38 Cyc. 1854; Doty v. Smith, 80 Conn., 245, 87 Atl. 885; State v. Pierce, 136 Mo. 34, 37 S. W. 815; German Sav. Bank v. Citizens Natl. Bank, 101 Iowa, 530, 70 N. W. 869; State v. Daugherty, 106 Mo. 182, 17 S. W. 303; East Tenn. Ry. Co. v. Winters, 85 Tenn. 240, 1 S. W. 790; Odette v. State, 91 Wis. 258, 62 N. W. 1054; State v. Lawrence, 38 Iowa, 51; So. Ry. Co. v.

Flemming, 10 Ga. 921; Com. v. Kelley, 165 Mass. 175, 42 N. E. 573; Johnson v. State, 60 Ark. 45, 28 S. W. 792; State v. Gorham (Vt.) 31 Atl., 845; 11 Am. & Eng. Ann. Cases, 1131-36.

WHITING, J. This is an appeal from a judgment and an order refusing a new trial. It appears that the jury were instructed and retired in the afternoon and the next morning returned into court and asked for instructions regarding the punishment in cases of the character of that on trial. The court proceeded to instruct the jury upon the question of punishment and then instructed them further, as follows: "It is the duty of jurors to return a verdict. The court does not intimate to you in the slightest degree what your verdict shall be. I have submitted four verdicts to you—one of assault with intent to kill; one of assault with intent to do bodily harm; one of assault and battery, and one of not guilty. It will be your duty to return one of those verdicts. I do not say what kind of verdict; that is for you. This thing of jurors sitting in a case and going out and can't agree is not right. Every man has a right to his opinion, but he has the right to consider that he might be mistaken one way or the other, and I expect verdicts in this court, and I have been in the habit of getting verdicts. All I expect is a verdict." This instruction was excepted to, "for the reason that the same amounted to coercion and amounted to telling the jury, or those who had not agreed upon a verdict, that it was their duty to unite with the majority of the members of the jury in returning a verdict, and amounted to a coercion of the jury upon the part of the court." It is owing, to the giving of this instruction that appellant seeks a reversal of the judgment and order.

[1] The instructions given upon the preceding day and the evidence received upon the trial are not before us, and we must presume that the evidence was sufficient to support the verdict reached. Certainly an appellate court should decline to reverse a cause for even a clear error, where, from the whole record, it is apparent that the jury could not fairly have reached a different verdict. Furthermore, without the evidence before us, we certainly should presume that the record was so clear as to warrant the trial court in making the statements it did if such statements could ever be warranted. State v. Kinney, 21 S. D. 390, 113 N. W. 77.

[2] We are unable to agree with appellant in his contention that the instructions amounted to coercion or to the advising of the jury that it was the duty of a minority to unite with the majority. We fail to see any element of threat. It is far different from a case where a court instructs a jury that it will be kept out until it agrees. At the very most, the court merely intimated that it believed the evidence of such a nature that the jury ought to be able to agree, and advised it that the judge expected a verdict. There was no intimation of what the verdict should be, in fact, the court expressly advised the jury that it "does not intimate to you in the slightest degree what your verdict shall be." Is it not the duty of a jury to reach a verdict in· a clear case, and has not the court a right to expect a verdict in such a case? Undoubtedly this was such a case. Presumably the instructions in relation to punishment removed all differences that had arisen in the minds of the several jurors. The following from the opinion in Odette v. State, 90 Wis. 258, 62 N. W. 1054, is directly applicable to the instruction complained of: "After the jury had been out for some time and failed to agree, they were brought into court and informed by the court, in effect, that they ought not to stand out in· an unruly and obstinate way, but should reason together and talk over the existing differences, if any, and harmonize the same, if possible; that it was their duty to meet the testimony in a spirit of fairness and candor with each other, and not to stand back obstinately, but to reason together and apply the law as given by the courts to the facts in the case, and arrive at some kind of a verdict; that if they wanted no enlightment upon the law in the case, then they might return to their room and continue to deliberate upon the issues until they had arrived at a verdict. We do not think this can be fairly construed as a threat that the jury would not be discharged until they had agreed. It was merely expressing the usual expectation that they would agree. It was for that purpose that the jury returned to their room. The mere failure of the court to discharge the jury when they thus came in, or telling them that it was their duty to use every reasonable effort to come to an agreement, as indicated, was not error." In Moore v. Platteville, 78 Wis. 644, 47 N. W. 1055, the same court sustained an instruction containing the following: "The court expected them, when they again returned to the courtroom, to have

agreed upon a verdict." See also, Johnson v. State, 60 Ark. 45, 28 S. W. 792; People v. Stock, 1 Idaho, 218; German Sav. Bk. v. Citizens' Nat. Bk., 101 Iowa, 530, 70 N. W. 769, 63 Am. St. Rep. 399.

The judgment and order appealed from are sustained.