## The Chicago and Alton Railroad Company

### *v.*

### Louisa Robbins.

*Filed at Ottawa October 11, 1895—Rehearing denied March 10, 1896.*

1. Damages—*in trespass to realty—when recovered to date of trial.* Damages may be recovered up to the time of trial as for a permanent injury to real estate by the raising of adjoining tracks of a railroad, in consequence of which the plaintiff's fence was broken down and her lot covered with stone, gravel and earth, and flooded with water.

2. Instructions—*cannot be sent to jury after retirement.* The action of the trial court in sending to the jury, after it has retired to consider its verdict, an additional and material instruction, by the hands of a bailiff, in the absence and without the knowledge of counsel representing the parties, constitutes substantial error.

*Chicago and Alton Railroad Co.* v. *Robbins*, 54 Ill. App. 611, reversed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Richard W. Clifford, Judge, presiding.

John M. Southworth, for appellant:

If damages (beyond mere nominal damages) are recoverable at all, they should be limited to injuries sustained prior to the commencement of this suit, and hence computed by the jury only up to that time. Wood's Mayne on Damages, (1st ed.) 141, and cases cited; 3 Sutherland on Damages, 369, and cases cited; 5 Am. & Eng. Ency. of Law, 1820.

The court erred in sending to the jury a communication and directions to compute damages up to the time of the trial of the cause,—and this, after the jury had retired from the bar of the court and in the absence of counsel for the defendant. Starr & Curtis, 1817; 11 Am. & Eng. Ency. of Law, 262, and cases cited.

H. T. & L. Helm, for appellee.

Mr. Justice Baker delivered the opinion of the court:

This is trespass *quare clausum fregit*, brought by appellee, against the appellant corporation, and wherein she recovered verdict and judgment for $1100 damages in the Cook circuit court. The judgment was afterwards affirmed in the Appellate Court.

Two questions, only, are open to our consideration upon this further appeal, and both of them arise out of an instruction or direction that was given by the trial court to the jury in response to an inquiry from its foreman, after the submission of the case to the jury and it had retired to consider of its verdict. The first of these questions is, did that instruction or direction correctly state the law?

The case made by the pleadings and the proofs is, that appellee is the owner and in possession of a certain lot 15, at the intersection of Main street and appellant's railroad in the city of Chicago, and that appellant is in possession of the adjoining lot 16, and owned and operated certain railroad tracks thereon; that appellant raised its road-bed and tracks three feet and ten inches, and to a level with the grade of Main street, and in so doing broke the close of appellee, and broke down and broke to pieces her fence, and crushed the fence over upon the walk or passageway from the front to the rear of her premises, and covered the surface of her lot with stone, gravel and earth, and flooded her premises with quantities of water. The substance of said instruction or direction to the jury was, that if the verdict was for the plaintiff, then she was not restricted to such damages as had accrued at the commencement of suit, but that damages that had accrued up to the time of trial should be assessed. The injury here was of a permanent nature, and caused by the unlawful acts or trespass of appellant. The language used by this court in *Cooper* v. *Randall*, 59 Ill. 317, is in point. It is there said (p. 321):

"When, however, a wrongful act is done which produces an injury which is not only immediate, but, from its very nature, is permanent, and must necessarily continue to produce loss independent of any subsequent wrongful acts, then all damages resulting both before and after the commencement of the suit may be estimated and recovered in one action." We think the proposition of law embodied in the direction of the court, when applied to the facts of the case in hand, was not erroneous.

The other question now at issue between the parties grows out of the form of the instruction or direction and the circumstances under which it was given to the jury. Those circumstances, as they appear from the recitals in the bill of exceptions, were as follows:

"And thereupon the jury retired to consider of their verdict, and afterward, to-wit, and while the jury were so considering of their verdict, a communication was sent by the said jury to the judge of said court, and which communication was substantially in the words and figures following, viz:

" '*To the Judge*—If the jury should find for the plaintiff, should the damages be assessed up to the commencement of suit or up to the present time?

B. F. Latham, *Foreman.*'

"After the jury had retired, the above communication was brought to the court by the bailiff having the jury in charge, and the court wrote thereon and sent same back by bailiff, 'Up to the present time.' This was done while court was in session but after counsel on both sides had retired from the court, and while they, said counsel, nor either of them, were present in court."

The statute expressly provides that all instructions given to the jury shall be in writing, and have the word "given" written on their margins by the judge. But the mere failure to mark an instruction delivered to the jury as "given" is not ground for reversal. (*Cook* v. *Hunt*, 24 Ill. 536; *Tobin* v. *People*, 101 id. 121.) The more important

and serious matter, however, is that the jury were not brought into open court and this additional and very informal instruction publicly read and given to them there.   In *Sargent* v. *Roberts*, 1 Pick. 337, a similar question arose, and the Supreme Judicial Court of Massachusetts awarded a new trial.   The court, speaking through ·Parker, C. J., said:   "As it is impossible, we think, to complain of the substance of the communication, the only question is, whether any communication at all is proper, and if it was not, the party against whom the verdict was is entitled to a new trial.   And we are all of opinion, after considering the question maturely, that no communication whatever ought to take place between the judge and the jury after the cause has been committed to them by the charge of the judge, unless in open court, and, where practicable, in the presence of the counsel in the cause."   In *O'Connor* v. *Guthrie & Jordan*, 11 Iowa, 80, the case was, that after the jury had retired to consider of their verdict, the judge, in answer to an inquiry from them in writing, in the same manner sent them, by the bailiff, an instruction material to the determination thereof,— ˙and this was done without the knowledge of either party. The court reversed the judgment, and in their opinion said:   "That the court erred in the particular complained of, we entertain no doubt.   If further instructions are to be given to the jury, though the same, in principle, as those already given, the parties have a right to require that they shall be given in open court, that an opportunity may be afforded to know what they are, except to them if .desired, and ask others explanatory, if deemed necessary.   Indeed, the necessity for adhering to this practice with strictness is so manifest that argument in support of it is quite unnecessary.   It may, at times, it is true, be attended with inconvenience; but better so than permit a practice so liable to abuse and so much in conflict with the rights of parties litigant."   See, also,

*Kirk* v. *State,* 14 Ohio, 511, *Taylor* v. *Betsford,* 13 Johns. 486, and *Benson* v. *Clark,* 1 Cow. 258.

The decisions of this court are of like import. In *Crabtree* v. *Hagenbaugh,* 23 Ill. 289, in reversing a judgment based on a verdict rendered under somewhat similar circumstances, it is said: "The policy of the law requires that all the proceedings of the court should be open and notorious and in the presence of the party, so that if he is not satisfied with it he may take exceptions to it in the mode pointed out by the law, and not be put to extraneous proof to show that an error has been committed in a secret proceeding, and, in fact, out of court." And in *Fisher* v. *People,* 23 Ill. 218, it is said (p. 231): "We hold, when a jury comes into court asking instructions, and are placed in a situation to be influenced by the court, the prisoner has an unquestionable right to present such views, in the shape of instructions to the jury, as the circumstances might require in his own behalf, and the court should have allowed it. As a question of practice, we do not think it is proper for any juror to communicate to the court, in writing or verbally, in reference to any matter belonging to the case. If they desire to communicate with the court they should send a request to the court through the officer in attendance, that they may, in a body, be brought into court."

In our opinion the action of the trial court in sending to the jury, after they had retired to consider of their verdict, by the hands of a bailiff, an additional and material instruction, in the absence and without the knowledge of counsel representing the parties litigant, constitutes substantial error.

The judgments of the Appellate Court and of the circuit court are reversed, and the cause is remanded to the circuit court for a new trial.

*Reversed and remanded.*