THE CITY OF CHICAGO

*v.*

ESTHER G. LONERGAN.

*Opinion filed April 16, 1902—Rehearing denied June 4, 1902.*

1. PRACTICE—*verdict for plaintiff cures defective statement of cause of action.* A verdict in favor of the plaintiff cures defects in the statement of his cause of action, provided the cause of action is good.

2. PLEADING—*when declaration against city states a case.* A declaration against a city states a good cause of action which alleges plaintiff's ownership of property abutting upon a street, that the grade of said street had long been established and her buildings erected with reference thereto, and that the defendant changed the grade and permanently lowered it, making ingress and egress difficult and dangerous, and permanently damaging the property in its market value.

3. SAME—*declaration need not negative matters of defense.* A declaration against a city, in an action for damage to plaintiff's property from changing the grade of a street for the building of a sub-way, need not negative the idea that the property has been benefited by the improvement considered as a whole, since such fact is a matter of defense under the general issue.

4. EVIDENCE—*what competent in action for changing grade of street.* In an action against a city for damage to plaintiff's property from changing the grade of a street, the plaintiff may testify, as to the effect of the change with reference to her being able to get out of or in the building, that she had to build steps from the street.

5. SAME—*plaintiff may show that tenants moved out because grade of street was changed.* As affecting the market value of plaintiff's title to the property, even though the premises were leased, she may show, in an action for damages from changing the grade of the street, that in consequence of such change her tenants moved out and that the property was not rented.

6. SAME—*plaintiff may show that her property was in good repair.* In an action against a city for damage to plaintiff's property from changing the grade of a street, she may show that the property was in good repair, and may state the amount she had paid out for repairs a short time before the event.

7. INSTRUCTIONS—*when instruction as to effect of change of the street grade is not objectionable.* An instruction advising the jury that if they believed, from the evidence, that the rental value of the property had been diminished by the change in the grade of the street and cutting off ingress and egress, such fact might be considered in determining the question of the market value of the property,

is not objectionable because it makes no reference to the effect of the entire improvement.

8. DAMAGES—*both damages and benefits must be real and substantial.* As damages to property from a street improvement must be real and substantial, so benefits from the improvement must be such as affect the market value or use of the property and such as are capable of measurement.

9. TRACK ELEVATION—*city liable for damage from changing grade of street to build sub-way.* A city is liable for damage to private property from the change in the grade of the street on which it abuts, necessitated by the building of a sub-way under railroad tracks in obedience to a track elevation ordinance. (*City of Chicago* v. *Jackson, ante,* p. 496, followed.)

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

CHARLES M. WALKER, Corporation Counsel, and THOS. J. SUTHERLAND, for appellant.

WILLIAM M. & WILLIAM S. JOHNSTON, and CHARLES C. GILBERT, for appellee.

Per CURIAM: The Appellate Court for the First District affirmed a judgment recovered by appellee, against appellant, in the circuit court of Cook county, in a suit for damages to appellee's property by changing and lowering the grade of Forty-seventh street, in the city of Chicago, and impairing the means of access to the property from the street.

The plaintiff owns premises on the north-west corner of Armour avenue and Forty-seventh street, in front of which the grade was changed by the Lake Shore and Michigan Southern and Chicago, Rock Island and Pacific Railroad companies, under an ordinance of defendant requiring said companies to elevate their road-beds and tracks which crossed Forty-seventh street west of the plaintiff's property, and to change and lower the grade of Forty-seventh street so as to make a sub-way under

the tracks for the street. The change of grade and depression of Forty-seventh street began at the center of Armour avenue near the south-east corner of plaintiff's premises, where the depression was about ten inches. This depression became greater toward the west, and according to the plan was about four feet at the west end of the premises. The tracks were ordered to be elevated and the sub-way to be built for the purpose of abolishing a grade crossing of the street and tracks and the prevention of accidents and injuries to the public.

The first assignment of error which is argued by counsel is, that the declaration did not state a cause of action. The defendant demurred to the declaration, and its demurrer being overruled, filed its plea of not guilty, under which the trial was had, and where that is the case, only substantial defects can be availed of on appeal or error. When an entire verdict is given on several counts, it will not be set aside or reversed because of any defective count if one or more of the counts be sufficient to sustain the verdict. (Practice act, sec. 57.) After a party has pleaded to a declaration, if one or more of the counts be faulty he may apply to the court to instruct the jury to disregard such faulty count or counts, and it is the duty of the court to give such instruction. (Practice act, sec. 50.) Innate and substantive defects in a declaration are not cured by verdict, and if there are such defects, so that the declaration will not support the judgment, they may be taken advantage of on appeal or error; but only substantial defects can be so taken advantage of. In such a case, the verdict will aid a defective statement of title or cause of action, and the rule on that subject is: "Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue formed be such as necessarily required, on the trial, proof of the fact so defectively or imperfectly stated or omitted, and without which it is

not to be presumed the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict." (1 Chitty's Pl. 673; *Keegan* v. *Kinnare*, 123 Ill. 280; *Chicago and Eastern Illinois Railroad Co.* v. *Hines*, 132 id. 161; *Chicago and Alton Railroad Co.* v. *Clausen*, 173 id. 100.) A verdict, however, will never assist a statement of a defective title or cause of action, and where no cause of action is stated the defect is not cured by verdict, and the objection may be availed of on error after a demurrer has been overruled and a defendant has pleaded over. The rule on that subject is this: "Where the statement of the plaintiff's cause of action, and that only, is defective or inaccurate, the defect is cured by a general verdict in his favor, because 'to entitle him to recover, all circumstances necessary, in form or substance, to complete the title so imperfectly stated must be proved at the trial,' and it is therefore 'a fair presumption that they were proved.' But where no cause of action is stated the omission is not cured by verdict, for as no right of recovery was necessary to be proved or could have been legally proved under such a declaration, there can be no ground for presuming that it was proved at the trial." Gould's Pl. 463.

The objection made to the declaration in this case is, that it only charges the change and lowering of the grade of the street in front of plaintiff's property and the damage resulting therefrom, and fails to state the other acts of the defendant or the railroad companies which were connected with the change of grade as a part of the improvement. Counsel say that in determining whether damage has resulted to plaintiff's property all of the consequences of the entire improvement must be considered, and the only sufficient declaration would therefore be one which describes the whole improvement. The supposed objection does not appear by an inspection of the declaration, but only by an examination of the evidence con-

tained in the bill of exceptions. The declaration alleges the ownership by plaintiff of the premises bounded by Forty-seventh street; that the grade of said street had been long established and her buildings had been erected with reference to the grade, and that defendant changed the grade and permanently lowered it, making access to plaintiff's buildings and property, and egress therefrom, difficult and dangerous, and greatly and permanently damaging the property in its market value. This was a good cause of action. (*Rigney* v. *City of Chicago*, 102 Ill. 64.) The established rule is, that in determining whether damage has resulted to property from an improvement, a city has a right to have all benefits from the improvement offset against the alleged damages for changing the grade. That was a matter of defense proper to be proved under the general issue. The sufficiency of the declaration is determined by its contents, and not by going to a bill of exceptions for evidence that tracks were elevated or a grade crossing done away with so as to improve conditions where plaintiff's property was located. The assignment of error is groundless.

The next assignment of error argued relates to the admission of evidence. The court permitted the plaintiff, when testifying in her own behalf, to answer a question as to the effect of the improvement with reference to being able to get out or in the building. That was the very issue being tried, and the ruling was right. Her answer was, that she was left without any means of getting in or out, and that she had to put up steps from the street to the building. Counsel for defendant moved to strike out the answer as incompetent because it stated results. As the inquiry was what the effect of the change of grade was, and the answer stated the fact, it was proper. The plaintiff was then asked what effect cutting down the street had on the occupancy of the building. The question was objected to and the objection overruled. She answered that the tenants moved out; that they began

moving out after cutting down the street, and that after July 1, 1898, she did not have any tenants. The measure of damages in the case was the injury to the market value of the premises, which the evidence showed were kept for leasing, and the market value of such property depends upon having tenants. It was proper to show that in consequence of cutting down the street the tenants left and the premises were not rented, as affecting the market value. Counsel say that the plaintiff had no present title or interest in the premises because they were leased. She received the rents, and if the premises could not be rented because the access was cut off it would affect the market value of the title which she held.

On cross-examination it appeared that plaintiff owned other buildings in the city, located several miles away, on North Clark street, and she testified that rents, generally, had not been as good since 1895 as they were before. Being interrogated about her building on North Clark street, she said that she got $400 or $500 a year less than before. Counsel for defendant then insisted upon knowing the precise amount she was receiving as rent for the building on North Clark street. The court sustained an objection, and was right in doing so. The only relevancy of the evidence was to show that rents in the city, generally, had fallen off since before the street was cut down. Counsel says he was denied a full cross-examination, and wanted to pursue the inquiry because plaintiff might answer untruthfully as to the amount she was receiving and he would be able to raise a question as to her veracity. That is not a good reason, and the court ruled correctly.

The court refused to strike out a statement of plaintiff, on cross-examination, as to her buildings. She said they were in good repair and had been repaired in the summer of 1890, when she spent $2300 on them. The evidence was competent, as tending to show the value of the property.

Again, it is complained that the court refused to allow cross-examination of one of the plaintiff's witnesses testifying as to the value of the property, as to whether he had any connection with any property for sale in the vicinity. The cross-examination was very lengthy and covered the business experience of the witness, and ranged all over the city of Chicago. He had testified that he had been in the real estate business in Chicago since 1891, and that he had been employed by a number of large real estate firms. It had already become pretty clear what the extent of his knowledge was, and while there would have been no harm in allowing the witness to answer the question, there was no reversible error in the ruling. Cross-examination is largely in the discretion of the trial court, and in this instance it had already gone to the greatest lengths.

It is next argued that the court erred in giving the ninth instruction asked by the plaintiff. That instruction told the jury that if they believed, from the evidence, that the rental value of the property in question had been permanently decreased or diminished by reason of the lowering of the grade of the street and cutting off the ingress and egress, it was a proper fact or circumstance to be taken into consideration in determining the question of market value of the property and the amount thereof. Counsel admit that rental value was one fact which tends to prove fair cash market value, which was the ultimate fact to be found by the jury, and we see no objection to the instruction. The chief objection seems to be that it ignores the effect of the entire improvement, and that it should have told the jury that they should take into account any increase in rental value in determining the question of benefit to the market value. It was not necessary to present both sides of the case in the instruction, and the plaintiff had a right to an instruction presenting the law applicable to her theory. The instruction did not assume any fact or single out

evidence and present it to the jury, and was not objectionable on either of those grounds.

It is also claimed that the tenth instruction given at the request of plaintiff ignored the effect of the entire improvement, but the instruction twice refers the jury to the effect of the improvement, taken as a whole, upon the property.

Counsel object to the second instruction given at the request of the plaintiff, and the modification of the third instruction asked by the defendant and given as modified by the court. Said second instruction and the modification of the third excluded from consideration benefits common or general to the public, which were incapable of measurement, conjectural or speculative, when applied to the property alleged to be damaged. The rule stated was correct. Damages must be real and substantial, and benefits must be such as affect the market value or use of the land and such as are capable of measurement. *Metropolitan West Side Elevated Railway Co.* v. *Stickney*, 150 Ill. 362.

The court refused an instruction asked by the defendant, that it was not liable for any damages for the construction of the sub-way in the exercise of its police powers, and gave an instruction asked by plaintiff, permitting her to recover if her property was damaged by changing the grade over and above any benefit derived from the elevation of the tracks and the whole of the improvement, although it was urgent and necessary, for the safety of the public, to elevate the tracks at the crossing of Forty-seventh street, and that by so elevating them a great benefit was conferred upon the public. In *City of Chicago* v. *Jackson*, (*ante*, p. 496,) we have considered the question whether the city is liable for damages under such circumstances, and have held that damages occasioned by such an improvement are within the provision of the constitution that private property shall not

be damaged for public use without just compensation. That decision is conclusive of the question raised and argued by counsel with reference to these instructions. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*