## Henry W. Leman, impleaded, etc., v. The United States Fidelity and Guaranty Company of Maryland.

### Gen. No. 18,475.

1. EXCEPTION—*when essential to review.* The denial of a motion for leave to file additional pleas is not preserved for review, in the absence of an exception being preserved to the order of denial.

2. PLEAS—*when properly stricken from files.* Pleas filed without permission of court are properly stricken from the files, and leave to amend a plea on file is not sufficient to authorize the filing of an entirely new plea; nor does the action of opposing counsel in waiving the preliminary necessity of obtaining such leave, preclude the court, of its own motion, from striking such plea from the files.

3. CORPORATION—*when plea setting up failure to obtain license, etc., defective.* A plea which alleges failure on the part of a corporation plaintiff to comply with the statute of this state with regard to foreign corporations doing business in this state is defective

Leman v. U. S. Fidelity and Guaranty Co.

where it does not specifically bring the corporation plaintiff within the terms of the act, such act by its expressed provisions excluding from its operation some classes of corporations.

4. DEMURRER—*when action of court in overruling, not subject to review.* Pleading over after demurrer overruled waives the action of the court in so overruling the same.

5 DECLARATION—*when sufficiently avers breach of covenant.* A declaration is sufficient after verdict where it alleges breach of covenant, in charging that the defendants "have not kept their covenant aforesaid, but have broken the same."

6. NON EST FACTUM—*what issue raised by plea of.* The plea of *non est factum* raises no issue as to amount of damages, but simply denies that the bond sued upon is the bond of the defendant.

7. BOND—*when recovery may be had in excess of.* In a proper case, interest may properly be included in a judgment predicated upon a bond, notwithstanding it renders the amount of the judgment in excess of the penalty of the bond.

8. INSTRUCTIONS—*effect of failure to mark given or refused.* The failure of the court to mark instructions not given is improper, but not marking instructions either given or refused, when they are not given, has the same effect as marking them "refused."

Action of covenant. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed November 22, 1907.

**Statement by the Court.** On December 10, 1906, a judgment was entered by the Superior Court in favor of appellee, the plaintiff, against appellant and one Peter Peterson, the defendants in an action of covenant, for the sum of $2,102.50.

The declaration filed in the case counted on an indemnity bond executed by appellant and Peterson to appellee, indemnifying appellee against all suits, actions, debts, damages, demands, costs, charges and expenses, and all loss and damages whatever for or by reason of the suretyship of appellee, at the request of appellant and Peterson, on a certain bond therein mentioned, given to save harmless the Union Feather & Wool Mfg. Co. for such damages as it should sustain from the appointment of appellant, a receiver of said company, in a bankruptcy proceeding against it in the

District Court of the United States for the Northern District of Illinois.

The declaration avers that thereafter on April 9, 1901, said petition was dismissed with costs and leave given to said manufacturing company to file suggestions of damages; that the damages sustained by said company exceeded $2,000 and plaintiff, appellee, was called upon to pay and did pay to said Union Feather & Wool Mfg. Co. on or about January 6, 1906, $2,010.25, in satisfaction of the claims against it as surety under said bond; and that it incurred also other costs and expenses to the amount of $100; that the defendants have neglected and refused to pay to appellee the amount of said losses and damages.

The second count of the declaration sets out more in detail the proceedings in the bankruptcy court, and the judgment entered therein against appellee, and the payment thereof.

Peterson did not plead to the declaration and was defaulted. On June 20, 1906, appellant filed two pleas, first, that he did not owe the money demanded; and, second, that he ought not to be charged with the debt because the appellee was not an Illinois corporation and was not authorized to execute the bond. A demurrer was sustained to these pleas on July 25, 1906, and appellant was given leave to amend them within ten days. Within the time fixed appellant filed twelve pleas. A demurrer was sustained to the first and twelfth pleas, and the other pleas were stricken from the files, because they were filed without leave of the court.

Thereafter on October 24, 1906, appellant filed two amended pleas. The first of these was a plea of *non est factum,* to which appellant filed a replication. The second amended plea avers that at the date of the said writing obligatory in the plaintiff's declaration mentioned, and from that date to the present time, the plaintiff was and now is a foreign corporation, organized under the laws of the State of Maryland for the

transaction of business for profit, and was not at said dates and is not now a corporation organized under the laws of the State of Illinois; and that the plaintiff did not make application to the secretary of state of the State of Illinois, signed and sworn to by its president and secretary, stating what business such corporation proposed to pursue under its charter, and denies its compliance with the provisions of sections 2 and 3 of the Act of the General Assembly of the State of Illinois entitled "An act to regulate the admission of foreign corporations for profit, to do business in the State of Illinois," in force July 1, 1905.

The plaintiff demurred to this amended plea; and on November 9, 1906, the court sustained the demurrer, and defendant, appellant, elected to stand by his amended plea. The only plea that remained on file at the time the cause went to judgment was that of *non est factum*.

FRANK H. CULVER, for appellant.

JUDAH, WILLARD, WOLF & REICHMANN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The rulings of the court on pleadings are presented, by the assignments of error and in argument, for review. No exception, however, to the order of November 23, 1906, overruling the motion for leave to file the additional pleas then presented and set forth in the order was preserved in the bill of exceptions. This order, therefore, is not before us for review.

It is urged that the pleas filed on August 3, 1906, were improperly stricken from the files. Appellant had theretofore filed two pleas which had been held bad on demurrer; and leave had been given "to amend said pleas within ten days from this date." This order was entered July 25, 1906. Within the ten days specified in the order and on August 3, 1906, appel-

lant filed the pleas now in question without leave of court. Appellant had no legal right to file the stricken pleas without obtaining permission from the court. As said in Davis v. Lang, 153 Ill. 175, 180: "It is a matter purely discretionary with the court whether or not to allow a party to file additional pleading after he has once pleaded to the merits, and to file such a pleading without leave, and without taking a rule on the opposite party, would be a practice very likely to result in wrong and injury." See also Millikin v. Jones, 77 Ill. 372.

The specific ground, however, upon which it is claimed that the court erred in striking the pleas is that appellee had demurred to the pleas, and thereby waived any right it had to move to strike the pleas from the files. The record shows that when the demurrers were called up for hearing and by permission of the court and the consent of appellant's attorney, the plaintiff's attorney drew a line through certain words and figures of the demurrers, making them apply to the first and twelfth pleas only. And thereupon, on motion of the plaintiff's attorney, the court ordered that the pleas numbered two to eleven, inclusive, be stricken from the files. We do not think these facts show a waiver of the right to make the motion on the part of appellee. The mere fact that the plaintiff had demurred to the pleas did not deprive the court of the right to strike them from the files of its own motion, if it adjudged it proper to do so. And the court had the right to permit the plaintiff to withdraw its demurrers and move to strike the pleas.

We are of the opinion that the demurrer was properly sustained to the plea filed November 8, 1906.

As appears from the statement preceding this opinion, his plea avers the failure of appellee to comply with the statutory requirements of the Act of 1905, relating to foreign corporations doing business in this state. If it be admitted that the Act of 1905 applies to the appellee and its right to sue in this state upon the

undertaking in question, the plea is not sufficient under that Act, for the reason that the Act by its terms excepts from its provisions "insurance companies, building and loan companies and surety companies," and corporations which have "acquired or constructed and is now operating a railroad" in this state, and the plea does not aver that the plaintiff is not an insurance company or a building and loan or surety company. The fact, if it be a fact, that plaintiff was neither an insurance company nor a building and loan company nor a surety company, and that it has not acquired or constructed and was not operating a railroad in this state, is as essential to a good plea as the fact that it is a foreign corporation, under the Act of 1905. The plea must bring the plaintiff within the kinds of foreign corporations covered by the Act, for the Act by its terms does not make all foreign corporations amenable to its provisions. This appears expressly in section 1 of the Act, and impliedly in section 6, and expressly again in section 9 of the act.

The plea filed in United Lead Co. v. Reedy Elevator Mfg. Co., 222 Ill. 199, contained the following averments: "that plaintiff is organized for profit, is not a railroad or telegraph company, nor in the insurance, banking or money loaning business," etc., thus affirmatively showing that the plaintiff corporation was not one of the classes or kinds of foreign corporations excepted from the provisions of the Act of 1897, as amended by the Act of 1899; and the plea was sustained by this court and by the Supreme Court. The plea before us fails to make this substantive and essential averment under the Act of 1905, and is therefore bad under that Act.

If the plea be considered as a plea under the Act of 1897, as amended by the Act of 1899, in force at the time the bond was given, it is not a good plea, for the like reason that it does not aver that the plaintiff is not a railroad, telegraph, insurance, banking or loaning

company, which companies are expressly excepted
from the provisions of the Act by the last proviso of
section 67c, Hurd's Revised Statutes, p. 448.

For the reasons given the demurrer to the plea filed
November 8, 1906, was properly sustained.

It is contended by appellant that the declaration is
defective in that it is in covenant, and instead of alleg-
ing a breach of covenant, alleges a breach of the con-
ditions. Appellant urges that the instrument set out in
the declaration is an acknowledgment, under seal, of
an indebtedness of $2,000 to the plaintiff, but subject
to the condition that if the obligors should indemnify
the obligee in certain particulars, then the obligation
should be void; that the only covenant is the covenant
to pay $2,000; that the conditions are not covenants;
that there is no covenant to indemnify the plaintiff,
only a covenant to pay money, from the obligation of
which the obligors can relieve themselves by so indem-
nifying. Therefore, the action cannot be maintained.

We think this contention cannot be sustained. Ap-
pellant demurred to the declaration and the demurrer
was overruled. Appellant did not stand by his de-
murrer, but pleaded over and thereby waived any error
in the ruling on the demurrer. Thereafter, a verdict
was rendered and the verdict cured any deficiency in
the declaration, unless it was so defective that it stated
no cause of action. City of Chicago v. Lonergan, 196
Ill. 518; Consolidated Coal Co. v. Scheiber, 167 id., 539;
22 Ency. of Pleading & Prac. 639.

The declaration sets forth the bond in *haec verba,*
thereby averring both the covenant and the conditions.
It alleges that the defendants did not save harmless
and keep the plaintiff indemnified, etc., and that the
defendants "have not kept their covenant aforesaid,
but have broken the same." This is an express aver-
ment of a breach of covenant which was sufficient after
verdict. The rule on that subject stated in Gould's
Pl., 463, and quoted in City of Chicago v. Lonergan,

196 Ill. 518, at page 521, is: "Where the statement of the plaintiff's cause of action, and that only, is defective or inaccurate, the defect is cured by a general verdict in his favor, because 'to entitle him to recover, all circumstances necessary, in form or substance, to complete the title so imperfectly stated, must be proved at the trial,' and it is therefore 'a fair presumption that they were proved.' But where no cause of action is stated the omission is not cured by verdict, for as no right of recovery was necessary to be proved, or could have been legally proved under such a declaration, there can be no ground for presuming that it was proved at the trial." See, also, Consolidated Coal Co. v. Scheiber, 167 Ill. 539; 22 Ency. of Plead. & Prac., 939.

The plaintiff offered in evidence the bond described in the declaration and testimony as to the interest on $2,000 from December 1, 1905, to December 10, 1906, the date of the trial, and rested its case. The point is now made that on this evidence the plaintiff was entitled to nominal damages only, as interest cannot be recovered. The argument is that had a proper action been brought and breaches properly assigned, the instrument only proved a promise to indemnify the plaintiff against any loss on account of a certain obligation which it had assumed; and it was necessary therefore to prove the losses which plaintiff had sustained.

Appellant's only plea on file at the time of the trial was his plea of *non est factum,* unverified. This plea raised no issue as to the amount of the damages. By this plea appellant only denied that the bond was his bond. "In an action of covenant, a plea of *non est factum* only puts in issue the execution of the instrument declared upon. It does not deny the breach of the covenant or set up any other matter of defense." 5 Ency. Plead & Prac., p. 378. It admits all other material averments of the declaration and the plaintiff needed to make no proof of the breaches contained in

its declaration, as the plea admitted them. Legg v. Robinson, 7 Wend., 194; Gardner v. Gardner, 10 Johns., 47; Cooper v. Watson, 10 Wend., 202. And such admissions on the record are as valid a basis for the assessment of damages as conflicting evidence. Patterson v. Ely, 19 Cal. 28; Mass. Mut. Life Ins. Co. v. Kellogg, 82 Ill. 614; City of Chicago v. English, 198 Ill. 211; Hoxsey v. Patterson, 59 Ill. 522.

Upon the facts averred in the second count of the declaration and admitted by the plea, the amount of the damages had become fixed by the judgment and records therein set forth. That count sets out in detail that appellee had served notice upon appellant of the proceedings which terminated in the judgment of the United States District Court in the bankruptcy proceedings, and that it had called upon appellant to defend those proceedings and protect appellee against those proceedings and save it harmless therefrom. Under the authorities, we think, appellant was bound, under such circumstances, by the judgment entered against appellee, including the amount of the judgment.

Without reviewing the numerous cases upon this subject, we think this proposition is fully sustained by the following authorities: Great Northern Ry. Co. v. Akeley, 92 N. W. Rep., 959 (Minn.) ; 16 Am. & Eng. Ency. of Law (2nd ed.), 180; Mayor v. Troy & Lansingburg R. Co., 49 N. Y. 657; City of Portland v. Richardson, 54 Maine 46; Veazie v. Penobscot Rd. Co., 49 Maine 119; City of Bloomington v. Roush, 13 Ill. App. 339.

We think interest was correctly included in the judgment. In Am. & Eng. Ency. of Law, vol. 16, p. 181, it is said: "The indemnitee is entitled to interest on the amount which he has lost or been compelled to pay, even though such allowance have the effect of increasing his recovery, to an amount greater than that mentioned as the penal sum in the bond given for his

indemnity.'' See authorities there cited. Holmes v. Standard Oil Co., 183 Ill. 70.

We do not think the motion in arrest of judgment raised the question on this record as to the right of a foreign corporation, which has not complied with the law, to maintain a suit. The motion raises the question whether the declaration is so fatally defective as not to support the judgment, notwithstanding the demurrer to the declaration was overruled and appellant pleaded over. But we think the declaration sustains the judgment.

The refusal of the court to mark instructions not given, upon giving the peremptory instruction, is assigned for error. We think the statute is directory and should be obeyed, but not marking instructions either "given" or "refused," when they are not given, has the same effect as marking them "refused." Calef v. Thomas, 81 Ill. 478. The failure to mark the instructions is not ground for reversal in this case, for it worked no injury. C. & A. R. Co. v. Robbins, 159 Ill. 598.

Finding no reversible error in the record, the judgment of the Superior Court is affirmed.

*Affirmed.*