Michael Nugent, Appellee, v. George D. Waters, Appellant.

Gen. No. 35,809.

378

Opinion filed May 16, 1932.

MILLER, GORHAM, WALES & ADAMS, for appellant; EDWARD R. ADAMS and HERBERT C. DE YOUNG, of counsel.

FINN & MILLER, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Defendant appeals from a judgment for $5,500 entered upon verdict in a case in which plaintiff sought to recover damages for injuries received by the alleged negligent management of defendant's automobile. The only point presented by the defendant relates to the action of the trial court in declining to consider instructions offered by the defendant and to mark them either "given" or "refused."

Defendant tendered 14 instructions. The court gave as his reasons for refusing to consider them, that from his experience he knew that many instructions "are duplications, erroneous, and are merely presented for

the purpose—and are presented for the purpose of getting instructions in duplication whereby the jury are instructed to find in words the defendant not guilty, and that there is no reason for the Court's examination, as counsel is well aware of, having been informed all during the trial of the case that in eight instructions he could well place everything to be considered by the jury on a case of negligence.''

The remarks about ''eight instructions'' refer to a limitation made by the court in a prior case. There was no limitation upon the number of instructions in the instant case. The court further stated that he had taken this attitude of limiting the number of instructions for some three or four years previous, and that it had been his policy to estimate the number of instructions which would cover all points of law upon which the jury should be instructed in a particular case. It was also intimated that he was of the opinion that this matter should be regulated by the courts and not by the legislature.

Section 74 of the Practice Act, Cahill's St. ch. 110, ¶ 74, is as follows:

''When instructions are asked which the judge cannot give, he shall, on the margin thereof, write the word 'refused,' and such as he approves he shall write on the margin thereof the word 'given,' and he shall in no case after instructions are given, qualify, modify, or in any manner explain the same to the jury otherwise than in writing. Exceptions to the giving or refusing any instruction may be entered at any time before the entry of final judgment in the case.'' This statute has been declared constitutional. *People v. Kelly,* 347 Ill. 221.

Is the statute mandatory? In the early case of *Cook v. Hunt,* 24 Ill. 536, opinion by Mr. Justice Breese, it was held that this statute is ''directory to the court and should be obeyed.'' In *Kepperly v.*

*Ramsden*, 83 Ill. 354, it was held to be "obligatory on the court to mark all instructions asked either 'refused' or 'given,' and it is believed a rule of court that would relieve the judge from that duty in his discretion, would be in contravention of the statute declaring the duty." In *Chicago City Ry. Co. v. Sandusky*, 198 Ill. 400, "a hard and fast rule that instructions shall be limited to a given number" was regarded as unreasonable, and further, "any rule which would authorize the refusal of an instruction otherwise proper to be given, on the ground, alone, that as many instructions as the rule allowed had been given, could not be defended." In *Osgood v. Skinner*, 211 Ill. 229, the court said, "Parties have the privilege of tendering such instructions concerning the law as they may deem necessary, and the Practice act requires the court to mark them as given or refused, but only authorizes exceptions to the giving or refusing of an instruction."

We find no cases holding that the trial court may refuse to consider instructions on the ground that they are numerous or contain duplicates and repetitions. If the instructions are more than are necessary to instruct fully as to the law, the superfluous instructions should be marked "refused."

This is not a case where through inadvertence the court failed to mark an instruction which was in fact given, or to mark an instruction "refused" which was not given. *Calef v. Thomas*, 81 Ill. 478; *Leman v. United States Fidelity and Guaranty Co.*, 137 Ill. App. 258. In the instant case the court, for the reasons stated by him, refused to consider or mark any of the instructions tendered by defendant.

The plaintiff first argues that he was entitled to a directed verdict and hence the action of the trial court with reference to instructions is unimportant. Plaintiff was not entitled to a directed verdict. The evidence of defendant, contrary to that of plaintiff, tended

to show that while driving his automobile north on Ashland avenue, another automobile going alongside on his right suddenly made a left turn in front of him, forcing him towards the left and consequently striking the plaintiff, who was on the cross-walk of an intersecting street. The question of negligence involved weighing the evidence and was for the jury to determine.

It is suggested that defendant has not shown that he was injured by the refusal of the court to consider his instructions. The defendant was entitled to have his theory of the case presented to the jury and we cannot say that he was not injured by refusal of the court to submit his instructions. *Wacaser v. People,* 134 Ill. 438; *North Chicago Street Ry. Co. v. Louis,* 138 Ill. 9.

The court gave four instructions for the plaintiff, and on his own initiative gave an instruction purporting to be on behalf of the defendant. This latter would not cure the error in declining to consider any of the instructions tendered by defendant, even if the instruction of the court were not open to the objection that it assumes the negligence of the defendant. We do not think it necessary to examine the tendered instructions in detail. It is sufficient to say that most of them have been approved as correctly stating the law.

While giving of a large number of instructions has been frequently and properly condemned, yet the trial court is not relieved from the duty of acting upon such as are tendered. It may be desirable that the court should have some power to restrict the number of instructions presented, but in view of the decisions above cited, this must be given through legislative enactment.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

O'CONNOR, P. J., and MATCHETT, J., concur.