HAVENOR, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 9—June 23, 1905.*

*Criminal law and practice: Trial: Misconduct of judge: Communication with jury in absence of accused and his counsel: Prejudicial error: Immunity from punishment: Records of grand jury: Inspection: Evidence.*

1. In a criminal prosecution, communications had between the jury and the trial judge after the jury had retired to deliberate upon the verdict and in the absence of accused and his counsel, though not prompted by improper motives or influencing the jury in arriving at their verdict, are prejudicial and sufficient to warrant a reversal.

2. Under sec. 4078, Stats. 1898, as amended by ch. 85, Laws of 1901, if otherwise unobjectionable, the minutes of the testimony of an accused given before a grand jury, and the testimony of grand jurors to prove what an accused testified to before them pertaining to the transactions for which he is on trial, are admissible as evidence to establish the accused's immunity from prosecution.

3. The minutes of the clerk of a grand jury of their proceedings, kept under the provisions of ch. 90, Laws of 1903, are not a public record open to the inspection of all persons.

4. The record of the proceedings of a grand jury is secret, and such secrecy must be maintained and kept inviolate within the bounds prescribed by the statutes and the decisions of the supreme court.

5. One accused of a crime is not entitled to an inspection of the records of a grand jury, in so far as they relate to the testimony given by him before the grand jury concerning the transaction involved upon his trial.

6. One accused of a crime is not entitled to the inspection of the records of a grand jury, either before or at his trial, for the purpose of preparation for trial, or for laying the foundation for the impeachment of immune witnesses, whose testimony may have been different on the trial from that given before the grand jury.

7. The records of a grand jury's proceedings as kept by the official stenographic reporter are not official statements which in themselves constitute proof of the acts thus reported, but are memoranda made by the official in the course of his official duties, and can only be used in evidence when the official can testify

that at or about the time the records were made he knew their contents and the accuracy thereof.

8. Such records may, however, when proper, be used either to aid the witness in his present recollection or in his past recollection of their contents.

Error to review a judgment of the circuit court for Milwaukee county: Orren T. Williams, Circuit Judge. *Reversed.*

The plaintiff in error stands charged with the offense of bribery as defined in the statutes of this state. He was arrested, brought before the court, and prosecuted to conviction and judgment in the circuit court for Milwaukee county. To this judgment he prosecutes the writ of error from this court. Plaintiff in error was duly elected and was serving as alderman of the city of Milwaukee in the month of June, 1898, the time of the commission of the alleged offense. The facts material to and involved in the consideration of the errors assigned and argued will be stated in the opinion.

For the plaintiff in error there was a brief by *Turner,. Pease & Turner* and *O'Connor, Schmitz & Wild,* attorneys, and *J. L. O'Connor* and *W. J. Turner,* of counsel, and oral argument by *Mr. O'Connor* and *Mr. Turner.*

For the defendant in error there was a brief by the *Attorney General* and *F. E. McGovern,* district attorney, and *Walter D. Corrigan* and *Guy D. Goff,* of counsel, and oral argument by *Mr. Corrigan.*

Siebecker, J.    After the jury had retired for deliberation as to their verdict in the case they sent a communication to the presiding judge, through the bailiff having them in charge, requesting him to come before them for the purpose of answering some inquiries concerning the case. The judge responded by stepping into the doorway of the room where they were deliberating, whereupon a juror propounded some questions to him as to the right of immunity of persons who had

appeared and testified before a grand jury in transactions involving the offense of bribery. In reply the court informed them that he could not answer the questions, but that the instructions given them fully covered the subject of their inquiry, and that some of the matters inquired about were excluded from their consideration by these instructions. The court also offered to read part of the instructions or to submit to them the charge given. The record is not clear as to whether or not the written charge, as given, was thereafter submitted to the jury. According to the statements of some jurors they received it with some paragraphs stricken out by the court, but still legible, and they were read by them. According to the statement of the judge, instead of these paragraphs being obliterated they were covered by paper pasted over them. This proceeding occurred in the absence of the plaintiff in error, his counsel, and the court officers, and is alleged to constitute reversible error. The result of the adjudications on this subject is to the effect, that all proceedings in a case should be open and public and in the presence of the parties, whenever practicable, so as to afford them all reasonable opportunity to participate in the proceedings, and, if they are dissatisfied, to take such exception as the law allows. The due observance of this rule has led to a disapproval by the courts of any act by the judge, counsel, party, or stranger whereby communication is had with the jury after the case is submitted to them and they have retired for deliberation on their verdict, except it be in open court and with a due regard to the rights and privileges of the parties. Whenever such communications were had, though they were not prompted by improper motives, and though they may not have influenced the jury in arriving at their verdict, still they are generally treated as in themselves sufficient ground for setting aside the verdict rendered, for the reason that no party should be subjected to the burden of an inquiry before the court, regardless of whether or not its conduct in this re-

spect, or that of its officers or that of the opposing party, has tended to his injury. The case of *Sargent v. Roberts,* 1 Pick. 337, where a similar question arose, has been. much quoted and referred to as a leading authority on this subject. The court, speaking through PARKER, C. J., says:

"As it is impossible, we think, to complain of the substance of the communication, the only question is whether any communication at all is proper; and, if it was not, the party against whom the verdict was, is entitled to a new trial." "No communication whatever ought to take place between the judge and the jury, after the cause has been submitted to them by the charge of the judge, unless in open court, and, where practicable, in presence of the counsel of the cause." "It is not sufficient to say that this power is in hands highly responsible for the proper exercise of it. The only sure way to prevent all jealousies and suspicions is to consider the judge as having no control over the case, except in open court, in the presence of the parties and their counsel. The public interest requires that litigating parties should have nothing to complain of or suspect in the administration of justice, and the inconvenience of jurors is of small consideration compared with this great object."

These rights are clearly of an important nature and affect the substance of a jury trial and the right of a party to be heard and to bring in review every transaction of the court's proceeding. For the attainment of the best administration of justice, the law requiring that all proceedings of courts be open and public and in the presence of the parties or their representatives must be strictly enforced; and, in case of any infringement of this policy, parties are not to be put to the burden of showing that it in fact injured them, even though it be manifest that no improper motives prompted the acts complained of. We are constrained to hold that the communications had between the jury and the judge in the case after the jury had retired to deliberate upon the verdict were prejudicial and constitute reversible error. *Watertown B. & L. Co. v. Mix,* 51 N. Y. 558; *Read v. Cambridge,* 124 Mass.

567; *Crabtree v. Hagenbaugh*, 23 Ill. 349; *Chicago & A. R. Co. v. Robbins*, 159 Ill. 598, 43 N. E. 332; *State v. Patterson*, 45 Vt. 308; *McBean v. State*, 83 Wis. 206, 53 N. W. 497; *Smith v. State*, 51 Wis. 615, 8 N. W. 410; *Barnard v. State*, 88 Wis. 656, 60 N. W. 1058.

Error is assigned upon the rulings of the court refusing to compel the district attorney to produce the record of the clerk of the grand jury, containing minutes of the testimony of the plaintiff in error given before the grand jury, and in excluding the testimony of grand jurors to prove what he testified to before them pertaining to the transaction for which he is on trial. Plaintiff in error claims the benefit and immunity from prosecution and punishment of sec. 4078, Stats. 1898, as amended by ch. 85, Laws of 1901, upon the ground that he is now being prosecuted for and on account of a transaction concerning which he theretofore gave testimony before a grand jury of Milwaukee county. Upon the trial he offered evidence tending to show that the clerk of the grand jury kept minutes of its proceedings, including minutes of his testimony given before them, and that such minutes were then in the custody of the district attorney for Milwaukee county; and he demanded that they be produced for the purpose of using them to show that he gave testimony before the grand jury concerning the transaction for which he is now being prosecuted. The court ruled that upon the trial of plaintiff in error the proceedings before a grand jury are privileged from being adduced as evidence to show his immunity under these statutes. This presents the same question recently passed upon by this court in the case of *Murphy v. State*, 124 Wis. 635, 102 N. W. 1087, where it was held that, if otherwise unobjectionable, such evidence is admissible as evidence to establish the defendant's immunity from prosecution. This case must be held to be ruled by that case on this question. The record shows that the decision on appeal in that case was rendered subsequent to the trial of this case, which explains

why the rule there established was not applied to this case. In addition to the question then presented before this court upon this subject, it is now contended that the minutes of the clerk of the grand jury of their proceedings are a public record, and that every person is entitled to inspect them as such, and to offer them as evidence upon the trial of causes. By ch. 90, Laws of 1903, additional provision is made for keeping a record of grand jury proceedings by providing that, if the trial judge deems it necessary, he may order that the grand jury employ a stenographic reporter to take down a complete report of their proceedings, transcribe them into longhand, and deposit them with the district attorney of the county or with the attorney general, or both, as the grand jury may direct. The act also provides that such reporter, before assuming such duties, shall take and file an oath obligating himself to a faithful performance of these duties, "and to keep inviolate the secrecy required by law to be kept relative to such proceedings." This language in the statute strongly indicates that the legislature intended that nothing in this act should be construed to remove any of the obligations of secrecy concerning grand jury proceedings. The claim now presented, that the obligation of secrecy does not extend to such records, is in no way affected by this legislative action, and such obligation must be held to exist as it did before this legislation. The rule of secrecy as to such proceedings, its purposes, and the statutes declaratory thereof were considered and applied to the *Murphy Case,* and the conclusions there reached must be adhered to. We find no ground for the claim that the record of such proceedings is to be treated as a public record, open to the inspection of all persons. To so hold would not only conflict with every purpose for keeping secret such proceedings, but would result in a total abrogation of the rule. Such is clearly not the law, and such secrecy must be maintained and kept inviolate within the bounds prescribed by the statutes and the decisions.

It is urged that the plaintiff in error was entitled to inspection of such records in so far as they relate to the testimony given by plaintiff in error before the grand jury concerning the transaction involved upon this trial, and that such inspection should be awarded both before the trial and at the trial, for the purpose of preparing for trial and for laying the foundation for the impeachment of immune witnesses, whose testimony may be different on the trial from that given before the grand jury. No rules, either at the common law or by the statutes governing criminal procedure, award such a right. It was held in *Cornell v. State,* 104 Wis. 527, 80 N. W. 745, that a defendant in a criminal prosecution was not entitled to be informed of the names of the witnesses for the prosecution before trial, to enable him to prepare his case on the defense. We can see no distinction in the claim now made from the one made in that case. The reason for the request in both cases is that such information is necessary to enable the defendant to prepare for trial and to apprise him what evidence will be material to his defense. We do not see how the defendant can be prejudiced by withholding such information until the evidence is offered upon the trial, nor is it suggested in what respect this practice prevents him from procuring and adducing all the evidence at hand to establish the facts of his defense. The charge preferred in the indictment, information, or complaint fully informs him as to what facts the prosecution expects to establish by the evidence upon the trial, and this meets all the necessary requirements of the right which the accused has in criminal cases to be informed of the nature and cause of the accusation against him.

It is urged that proof of the defendant's testimony given before the grand jury may be made by offering the records of the grand jury's proceedings as kept by the stenographic reporter, upon the ground that they are statements made by officials in pursuance of official duty. Such reports and min-

utes of proceedings are not classed as official statements which
in themselves constitute proof of the facts thus reported, but
are treated as memoranda made by the official in the course
of his official duties, and can only be used in evidence when
the official can testify that at or about the time the records
were made he knew their contents and the accuracy thereof.
This is upon the theory that such records are not to be treated
as independent evidentiary instruments, but are to be treated
as memoranda to be used by these officials when they are
called as witnesses to the facts therein reported.   For this
purpose the memoranda may be used in two ways—either to
aid the witness in his present recollection or in his past rec-
ollection of their contents.  *Zitske v. Goldberg*, 38 Wis. 216;
*Jackson v. State*, 81 Wis. 127, 51 N. W. 89; *Eggett v. Allen*,
119 Wis. 625, 96 N. W. 803; 1 Greenl. Evidence (16th ed.)
§ 166; *Hair v. State*, 16 Neb. 601, 21 N. W. 464.  The dis-
tinction of these uses is clearly stated in 1 Greenleaf, Evi-
dence (16th ed.) § 439a:

"It is to-day generally understood that there are two sorts
of recollection which are properly available for a witness—
past recollection and present recollection.  In the latter and
usual sort the witness either has a sufficiently clear recollec-
tion, or can summon it and make it distinct and actual if he
can stimulate and refresh it, and the chief question is as to
the propriety of certain means of stimulating it—in particu-
lar, of using written or printed notes, memoranda, or other
things as refreshing it.  In the former sort [past recollection]
the witness is totally lacking in present recollection and can-
not revive it by stimulation; but there was a time when he
did have a sufficient recollection and when it was recorded,
so that he can adopt this record of his then existing recollec-
tion and use it as sufficiently representing the tenor of his
knowledge on the subject."

This is the basis of the rule upheld in *Nehrling v. Herold
Co.* 112 Wis. 558, 88 N. W. 614, namely:

"The statement of the witness and the contents of the paper
together are equivalent to the present positive statement of

the witness affirming the truth of the facts stated in the memorandum." *Manning v. School Dist.* 124 Wis. 84, 102 N. W. 356; *Hazer v. Streich,* 92 Wis. 505, 66 N. W. 720; *Philadelphia & R. R. Co. v. Spearen,* 47 Pa. St. 300; *People v. Murphy,* 45 Cal. 137.

Access to the records of these minutes and stenographic reports of grand jury proceedings by counsel of the accused are controlled by the rule of secrecy pertaining to grand jury proceedings, and the usual practice of permitting inspection of records or memoranda, by limiting it to such portions as are actually used in the evidence, and in such manner and at such times during the progress of the trial as the trial court may direct.

*By the Court.*—The judgment is reversed and the cause is remanded for a new trial.