HURST, Respondent, vs. WEBSTER MANUFACTURING COMPANY, Appellant.

*April 18—May 8, 1906.*

*Trial: Verdict: Interest: Logs and lumber: Evidence: Scale bill: Estimate: Striking out: Further instructions to jury after retiring must be in open court.*

1. Where plaintiff, if he recovered at all, was entitled to recover interest from the commencement of the action, and under the charge the jury could not have included such interest in their verdict, it was not error to add such interest to the amount of the verdict.

2. Where a lumber inspector measured about one third of a quantity of logs, averaged the result, and multiplied such average by the whole number of logs, such process did not constitute "a scalement or measurement" of the logs, within the meaning of sec. 1735, Stats. 1898, and no official scale bill could be based thereon.

3. A scale bill certified by the inspector, which had been received in evidence, was properly stricken out when it appeared that it was based upon an estimate made as above described; but it was error for the court afterwards to refer to it as a scale, telling the jury the quantity shown by it, and stating that it was for the jury to determine whether it was technically a scale. The facts being undisputed, it was for the court to determine whether it was technically a scale.

4. The oral testimony of the inspector as to the number of feet in the logs so measured and estimated should also have been stricken out, there being no evidence that those estimated would average the same as those measured, or that a correct estimate could be made in that way.

5. No communication should be had between the judge and jury after the submission of the cause except in open court. The presence of counsel is not indispensable, but it is the better practice to procure such attendance.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

This is an action to recover the balance of the purchase price of a quantity of hardwood logs sold by the plaintiff to the defendant. The complaint alleges the delivery of 255,017

feet of logs at the agreed price of $12 per thousand; admits the payment of $2,057.31; and prays judgment for a balance of $1,002.89. The answer alleges delivery of only 202,730 feet of elm and ash logs at the agreed price of $12 per thousand, and 370 feet of maple logs at $11 per thousand, and admits payment of $2,057.31, and that there is a balance due of $379.49, for which amount judgment was tendered but not accepted.

The number of logs sold and delivered was admitted to be 2,145, but the dispute was as to the number of feet contained in them. The evidence showed that the logs were delivered by plaintiff at defendant's yard in January and February, 1905; that the defendant had them scaled as they came into the yard by two men, one of whom scaled 1,102 logs aggregating 105,120 feet, and the other 1,043 logs aggregating 97,980 feet, making a total of 203,100 feet. Statements of the result of these scales were sent to the plaintiff, who thereupon employed Timothy Atkinson, district scaler for the district, to scale the logs. Atkinson commenced scaling about March 1st, assisted by one Doe as tallyman. The logs were in a number of large piles in the defendant's yard. Atkinson testified that he and Doe went along the piles measuring the small ends of the logs as high as they could reach, and putting down in a book the number of feet in each log; that he then went on top of the piles and called off the diameters and number of feet of the logs on top, and Doe put down the amounts as he called them; that in this way they actually measured 784 logs, and these logs so measured averaged 119 feet each, which number he multiplied by the number of logs to get the total. Atkinson made a certificate of this scalement, which was offered and received in evidence, showing a total of 255,017 feet. At the close of the evidence this scale bill was stricken out. There was testimony tending to show that no accurate scale of the logs could be thus made.

After the commencement of the action the defendant noti-

fied the plaintiff that it would have the logs removed and rescaled as they were repiled, and offered to allow the plaintiff to have a scaler present on his behalf.  The plaintiff did not accept this offer, but the rescaling was done, and the scaler testified that as a result of the rescale he found 117,780 feet only.

The jury returned a verdict for the plaintiff for $688.76, to which interest amounting to $8.45 from the commencement of the action was added, and judgment entered, and the defendant appealed.

The cause was submitted for the appellant on the brief of *H. V. Gard.*

*W. P. Crawford,* for the respondent.

WINSLOW, J.  The errors assigned will be considered under three heads.

1. It is claimed that there was error in adding interest to the amount of the verdict from the time of the commencement of the action.  This depends upon whether interest was included in the verdict as rendered.  Referring to the charge of the court, we find that the jury were specifically instructed to "determine the amount of ash and elm delivered, and multiply that amount by twelve, the price per thousand feet," and deduct therefrom the payments, viz., $2,053.24 (not including $4.07 which was paid for maple and was not in dispute), and return a verdict for the balance.  From this it appears that the jury could not have included any interest under the terms of the charge, and, as plaintiff was entitled to recover interest from the time of the commencement of the action if he recovered at all, there was no error in adding interest to the amount of the verdict as was done.

2. It appeared that Timothy Atkinson, on whose testimony the plaintiff relied to prove his claim, was, at the time he made his alleged scale of the logs in question, inspector of logs and timber for the district where these logs were located.

After testifying that he made a measurement and scalement of the logs in March, 1905, he stated that he made a certificate of his scalement and gave the same to the plaintiff, and the certificate so made and identified by him was offered and received in evidence. He afterwards testified as to the manner of making the scalement, showing that he in fact measured but 784 of the logs and averaged the result, and multiplied the whole number of logs by the average so obtained, and thus obtained his total. At the close of the testimony the defendant moved to strike the certificate from the evidence, and also moved to strike out all of Atkinson's evidence as to the number of feet in the logs. The court struck out the certificate, but refused to strike out Atkinson's evidence; and when plaintiff's counsel again offered the certificate simply as a memorandum of the quantity of lumber found by the scaler the court said: "It may be stated that Mr. Atkinson's scale of the logs in question showed that they contained 255,017 feet." Defendant's counsel then excepted to the use of the word "scale," and the court replied: "The jury understands what I mean when I say scale, *and it is for the jury to determine whether this was technically a scale.* I think it appears in the testimony, but to guard against the possibility of it not so appearing I will allow it to be stated now that Mr. Atkinson's measurement was 255,017." Exception was taken to this statement by the defendant.

Our statute (sec. 1735, Stats. 1898) requires each lumber inspector, at the request of the owner of logs, timber, or lumber, "after a scalement or measurement" thereof, to make a bill stating the number of logs and number of feet contained therein, and at whose request scaled or measured, and enter a copy thereof on the books of his office, and give a certified copy of the bill to the owner, which shall be presumptive evidence of the facts contained in it and of the correctness of the scalement in all courts except in favor of the inspector himself. The certificate in question conforms in substance

to the requirements of the statute, and was doubtless correctly received in evidence when it was first offered, because the inspector had then testified simply that he made a scale and measurement of the logs and a certificate thereof. Presumptively the measurement had been duly made; at least, there was nothing at that time to show to the contrary. When it appeared by the testimony of the inspector himself, however, that he had in fact scaled or measured only 784 out of 2,145 logs, and had averaged the logs so scaled, and multiplied that average by the whole number of logs to obtain the result embodied in the certificate, the certificate must be held to have been completely impeached, and it was the court's duty to strike it from the evidence. Such a process cannot be considered as constituting "a scalement or measurement" of logs within the meaning of sec. 1735. It was at best a mere estimate, and the section does not authorize the making of an official scale bill out of an estimate. But while the court correctly struck it out, he said in the presence of the jury, "The jury understands what I mean when I say scale, and it is for the jury to determine whether this was technically a scale," and then told the jury that Mr. Atkinson's measurement was 255,017. Thus, while the certificate was nominally stricken out, the jury were told what its amount was, and that they were to determine whether it was technically a scale. Presumably this means technically a scale under sec. 1735, and we are unable to see how this ruling can be justified. The court was to determine (the facts being undisputed) whether it was technically a scale, and to leave it to the jury to determine simply reverses the ruling by which it was stricken out.

We think, also, that the motion of the defendant to strike out Atkinson's oral testimony as to the number of feet in the logs should have been granted. He had actually measured in a loose way about one third of the logs; we do not find that he testified that the third which he measured were in

his judgment an average third, or that the unmeasured two thirds would average the same as the third which he measured; nor did he testify as an expert that a correct estimate of a quantity of logs could be made in that way. It would require some evidence of this nature to entitle his testimony to be received even as an estimate. This is not a case where the logs had been manufactured or disappeared, and where the only evidence obtainable necessarily must consist of estimates from stumps or the like; but every log was present and *in esse*. On the evidence as it stands, the supposed estimate of Mr. Atkinson did not rise beyond the dignity of a guess or conjecture.

3. The record shows that, after the jury had been deliberating for some time on their verdict, they sent a written request to the judge that they might have the pleadings and papers in the case. Thereupon the judge, in the absence of the parties and their counsel, went to the jury room and, standing in the open doorway, told the jury he could not grant their request, but would inform them concerning any undisputed figures or amounts, and in reply to questions told the jury the number of feet claimed by the plaintiff and admitted by the defendant, and the amount of the payments made. This conduct of the judge is assigned as error, and we are compelled to agree with this contention. The subject of such communications to the jury has been recently fully considered by this court in the case of *Havenor v. State,* 125 Wis. 444, 104 N. W. 116, and the rule laid down that no communication should be had between the judge and the jury after submission of the cause except in open court. The presence of counsel is not indispensable, although it is the better practice to procure such attendance. *Meier v. Morgan,* 82 Wis. 289, 52 N. W. 174. But whether counsel be present or not, if the jury are to be further instructed they should be brought into open court. The rule is strict, but salutary. All court proceedings should be in the open; there should be no

-opportunity for the doing of things in a corner, nor should a defeated party be required to show that such a communication as was here had was in fact prejudicial. He is entitled to have his case tried in open court from start to finish. There is safety in no other rule.

We have found no other points which are deemed worthy of discussion.

*By the Court.*—Judgment reversed, and action remanded for a new trial.