DRALLE, Respondent, vs. TOWN OF REEDSBURG, Appellant.

*March 13—March 31, 1908.*

*Practice: Misconduct of jury: Waiver: New trial: Affidavits of jurors: Costs.*

1. A jury having found a special verdict during the night signed and sealed the same and separated. Before the court convened the foreman, at the request of some of the jurors, conferred privately with the trial judge concerning one of the questions and reported to all of the other jurors, who had assembled in the committee room, certain alleged communications from the court prejudicial to the plaintiff. The court reconvened and,

the verdict being read, the jury was polled and all of them assented to the verdict except the foreman, who refused to acquiesce in the answer to the question concerning which he had conferred with the judge. At the request of counsel for both parties the jury retired and after further consideration returned the same verdict except as to the question from which the foreman had dissented, and to this they changed their previous answer. The trial judge consented to the conference with the foreman under the impression that after the jury had signed and sealed their verdict no further deliberation would be possible. *Held,* that the action of the court in communicating with the jury was ground for a new trial.

2. In such an action the plaintiff, by consenting to the further consideration by the jury, did not waive his right to move for a new trial for misconduct of the jury, it appearing that while he knew of the conference between the foreman and the court he did not know the nature of it or of the communications which the foreman made to the other jurors thereafter.

3. The affidavits of the jurors respecting the communications in the committee room after they had signed and sealed the verdict were competent to show that they were informed of the foreman's conference with the judge.

4. Where the trial judge granted a new trial for error committed by him for communicating with the jury under the impression that they, having signed and sealed their verdict, could have no further deliberation, it was not error to order that the costs of the new trial abide the event of the action.

APPEAL from an order of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an appeal from an order denying defendant's motion for judgment and setting aside a special verdict and granting a new trial in the action brought to recover damages for injuries received upon a defective highway. At about 2 a. m. on the morning of the 25th of April, 1907, after deliberating for some time, the jury answered all the questions of the special verdict, the third question being in respect to contributory negligence of the plaintiff, which was answered "No." They sealed their verdict and separated. Shortly after court convened the court stated to the jury that the verdict which was sealed and handed to the sheriff was in the

hands of the court. The judge proceeded to read it, and when he came to the third question respecting plaintiff's contributory negligence he was interrupted by the foreman, but proceeded to read the whole verdict, which found that the highway was insufficient for public travel, that such insufficiency was the proximate cause of the injury, and that there was no want of ordinary care on the part of plaintiff, or her husband, which contributed to cause the injury received, and assessed plaintiff's damages at $1,000. Counsel for defendant asked that the jury be polled, particularly on question No. 3. The court then asked Mr. Payne whether or not the verdict was his verdict, except as to the third question, and he answered "Yes," and as to the third question he answered that it was not his verdict. The clerk then read the names of the other jurors, who answered that the verdict was their verdict. Counsel for both parties then united in a request that the jury be permitted to retire and further consider the verdict. The foreman asked to be instructed on the third question, and by order of the court the reporter read the instructions on the third question and the court gave the jury additional instructions. Thereupon the jury retired for further deliberation, and shortly thereafter returned into court and handed their verdict to the court, which verdict was the same as the one previously rendered except the third question was answered "Yes." The roll was called and each juror answered that the verdict was his verdict. The jury were then discharged. The defendant moved for judgment on the verdict and plaintiff objected to the entry of judgment thereon, and afterwards moved that the verdict be set aside and a new trial granted. The motion for new trial was based upon several affidavits of the jurors respecting their misconduct, and also affidavits of one Henry Schleden and attorneys for plaintiff, and the minutes of the court. The court ordered a new trial, and further ordered that the costs of trial abide the event of the action.

*Daniel H. Grady,* for the appellant.

For the respondent there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

Kerwin, J.   On the motion for a new trial it appeared from the affidavits of the jurors that on the morning of April 25, 1907, at about 8:30 a. m. and before court convened, the foreman called some of the jurors into the committee room in the courthouse and informed them that he had seen and consulted with the trial judge on that morning and that the judge told him to inform the other members of the jury that they must change the answer to the third question in the special verdict from "no" to "yes," for the reason that the verdict as originally rendered could not stand, because if plaintiff was not guilty of want of ordinary care the judgment was too small and must be set aside, and that if they complied with this direction the verdict would stand, if not it would be set aside.   The affidavits further show that the jurors believed such statements made by the foreman, and, relying upon them, consented to change the answer to the third question so as to find the plaintiff guilty of want of ordinary care.   It also appears from the affidavit of one Schleden that one of the jurors told him on the morning of April 25, 1907, at about 8 o'clock, how they had answered the questions in the special verdict, and freely informed him of the transactions in the jury room while they were deliberating upon their verdict.   At the request of the court the foreman of the jury was sworn and testified, among other things, to the effect that the verdict was signed and sealed at about 3 a. m., after which the jury separated; that in the morning he and some of the jurors went into the committee room and the jurors asked him to go and see the judge before court opened respecting the case, and he went accordingly, and, returning to the committee room, found all the other jurors there; and that he stated to them what he claimed

the judge had said respecting instructions to them. There is a conflict in the proof as to what message the foreman did convey to the jurors in the committee room, the foreman not agreeing with other jurors upon this point. The fact that he did communicate with the trial judge respecting the case on the morning the verdict was signed and sealed and before the court opened is established by the record. He testified that he asked the trial judge if he could talk with him in regard to the case and the judge said he could; that he then asked him if he instructed that the jury could vote only one particular way on the third question, and the judge said he did not, but that they could answer it either "yes" or "no." There are other affidavits of the jurors regarding what took place in the jury room after they had been sent back for further deliberation, and also testimony of the foreman on that point, but we do not deem it necessary to consider this testimony or pass upon its competency.

It further appears by the affidavit of counsel for defendant that he and attorneys for plaintiff had been informed by the trial judge on the morning the verdict was rendered that the foreman of the jury had communicated with him and stated that the verdict had been signed and question No. 3 answered "No" conditionally, and with knowledge of this fact the attorneys for plaintiff consented that the jury retire for further deliberation. There are other affidavits tending to prove that the foreman, after the verdict had been signed and sealed, was solicitous respecting whether or not it should stand as signed.

In rendering his decision upon the motion for new trial the learned trial judge stated in effect that the affidavits of the jurors as to what occurred in the committee room after the verdict had been signed and sealed might be considered on the motion, and that it appeared clearly from such affidavits that the foreman gave the jurors to understand that he bore some message in the nature of an additional instruction

from the presiding judge; that when the foreman came in with the information that the verdict had been signed and sealed the judge was of opinion that it must stand as sealed and that no further deliberation by the jury could be had, otherwise there would have been no communication with the jury except in open court in presence of the parties; that after the court met the situation had changed by request of parties that the jury be allowed to retire and again deliberate upon their verdict; and that the jurors' affidavits showing communications or establishing the nature of such communications before the court met might be considered. The judge further stated that it appeared affirmatively that counsel for plaintiff had no knowledge of the nature of the communications which the foreman of the jury had in fact reported to his fellow jurors as coming from the presiding judge, and therefore plaintiff had not waived her right to ask a new trial for the misconduct of the jurors; that if the case had not been resubmitted to the jury the verdict would not be disturbed, but, in view of the fact that after communication was had the jury were permitted to deliberate further upon their verdict, a new trial must be granted.

The affidavits of the jurors respecting the communications in the committee room after they had signed and sealed their verdict were competent to show they were informed of the foreman's communication with the judge. *Hempton v. State,* 111 Wis. 127, 145, 86 N. W. 596; *McBean v. State,* 83 Wis. 206, 53 N. W. 497; *Peppercorn v. Black River Falls,* 89 Wis. 38, 61 N. W. 79; *Manix v. Malony,* 7 Iowa, 81; *Hefferon v. Gallupe,* 55 Me. 563; *Harris v. State,* 24 Neb. 803, 40 N. W. 317; *Rush v. St. Paul C. R. Co.* 70 Minn. 5, 72 N. W. 733; *Mattox v. U. S.* 146 U. S. 140, 13 Sup. Ct. 50; 2 Thomp. Trials, § 2619. The misconduct which occurred in the committee room was not known to plaintiff's attorneys when they consented to have the case resubmitted to the jury, and as held by the trial judge, there-

fore, the resubmission should not prejudice plaintiff's right to a new trial. The foreman left the committee room with the understanding that he was to consult with the trial judge respecting further instructions in the case, and returned bearing to them an alleged communication as coming from the trial judge which was prejudicial to plaintiff. *McBean v. State,* 83 Wis. 206, 53 N. W. 497; *Havenor v. State,* 125 Wis. 444, 104 N. W. 116. The result of this trial emphasizes the importance of a strict adherence to the rules laid down by this court respecting communications between the trial judge and jury. *Havenor v. State,* 125 Wis. 444, 104 N. W. 116; *Hurst v. Webster Mfg. Co.* 128 Wis. 342, 107 N. W. 666; *Du Cate v. Brighton,* 133 Wis. 628, 114 N. W. 103.

It is further contended by counsel for appellant that the court should have imposed costs as condition of a new trial. It does not appear from the order upon what grounds costs were ordered to abide the event of the action. But it is quite obvious that the court so ordered because of error committed by the court in communicating with the jury under the circumstances disclosed by the record. We are of opinion that the order granting a new trial should not be disturbed.

*By the Court.*—The order appealed from is affirmed.