SEDLACK, Plaintiff in error, vs. THE STATE, Defendant in
error.

*January 15—February 1, 1910.*

*Criminal law: Appeal and error: Verdict, when conclusive: Jury: Mis-
conduct: Harmless impropriety.*

1. A verdict reasonably supported by credible evidence and approved
   by the trial judge will not be disturbed on writ of error merely
   because there is much in the evidence to discredit it.
2. A remark by the clerk of the court, to one or more of the jurors
   as they passed through the court room in charge of an officer
   after having been out all night, that their beds were all made
   up for the night, and the reply of one of them that he thought
   they would be out before night, constituted merely a harmless
   impropriety.

ERROR to review a judgment of the circuit court for Clark
county: A. H. REID, Judge. *Affirmed.*

In proceedings before a circuit court commissioner plaint-
iff in error was held for trial at the circuit court for Clark
county on two charges, viz.: 1st, violating sec. 1564, Stats.
(1898), creating the offense of selling, giving away, or bar-
tering intoxicating liquors on Sunday; 2d, violating sec. 4595,
Stats. (1898), creating the offense of keeping a shop open on
Sunday.   To the information, a plea in abatement was inter-
posed, challenging the right of a court commissioner to act as
an examining magistrate and hold persons for trial for such
violations as the accused was charged with.   The plea was
overruled and trial had before a jury on a plea of not guilty.

The accused, as appeared by the evidence without question,
kept a hotel using one room in the building as a hotel office
and a saloon.   There was evidence tending to show that the
saloon business was entirely discontinued on the Sunday in
question and a curtain suspended from the ceiling around the
bar.   There was also evidence from several witnesses to the
effect that in the evening of such day the bar was open for
business; that the accused was behind it; that he served

whisky to persons who stood before the same and that they drank it; but there was no evidence of payment having been made for the drinks.

The court instructed the jury, that if the hotel office was also used as a saloon it was a shop within the meaning of the statute as well as an office, but that it was not a violation of the law to keep it open on Sunday if the saloon business was entirely discontinued on such day, the room being used for a hotel office only; that if the room was kept open for saloon purposes to any extent then the statute was violated whether any such business was actually transacted or not.

The jury found the accused guilty upon the second count.

While the jury were deliberating they had occasion to pass through the court room in charge of the officer. It was about 9 a. m. and after the jury had been out all night. As they did so they passed the clerk of the court who was at his desk. Bedding, which had been used during the night, was piled up in view from the clerk's position. Neither the accused nor his counsel were present. Some words used in a joking way passed between the clerk and one or more of the jurors. In reply to a jocular remark made to the clerk he said, "Your beds are all made up for the night, you see that pile of bedding back there." A juryman replied, "I think we will be out before night."

For the plaintiff in error there was a brief by *George L. Jacques,* attorney, and *Homer C. Clark,* of counsel, and oral argument by *Mr. Clark.*

For the defendant in error there was a brief by the *Attorney General* and *Emery W. Crosby,* district attorney of Clark county, and oral argument by *Mr. Crosby.*

MARSHALL, J. The question of whether the plea in abatement was properly overruled must be answered in the affirmative for the same reasons as those given in respect to a similar question in *Wieden v. State, ante,* p. 585, 124 N. W. 509.

The claim made that the evidence was not sufficient to support the verdict cannot be allowed. It is quite evident from the brief statement of the case, that there was room in the evidence for the jury to reasonably come to the conclusion which they did. That being the case, it matters not that there was also room for a different conclusion, or if it would seem, looking at the printed record, that the evidence rather preponderates in favor of the accused. The accused having had the benefit of an impartial trial before a jury and the benefit of the deliberate opinion of the circuit judge who presided at his trial as to whether the evidence warranted the jury's conclusion, he is remediless on the question of fact if there is any credible evidence to sustain the verdict, even though there is much to discredit it.

The complaint, that the accused was prejudiced by what occurred between some members of the jury and the clerk of the circuit court shortly before the verdict was reached, is without merit. We see nothing in the occurrence but an innocent harmless impropriety. It were better if juries and court officers and all concerned would act in such situations with becoming dignity. It were better, perhaps, if there was less of the modern ease of approach and tendency to take advantage of it, between jurors and outsiders, while the former are acting under their solemn oaths in cases. It were better, perhaps, if jurors during such periods were better protected by restraint, from within and without as well. The writer thinks so. But that must be left very much to the judgment of trial judges. To them is committed the duty of maintaining the standard best calculated to secure just results. Upon them rests responsibility in this field, to a considerable extent where prejudicial error cannot be shown affirmatively, nor be presumed, nor appear by necessary inference, yet may possibly exist. In all such cases there is no remedy. Sec. 2829, Stats. (1898), closes the door if otherwise there would be any.

In re Appointment of Revisor, 141 Wis. 592.

We are constrained to hold there is none in the circumstances of this case, independently of the statute.   This case is entirely unlike *Havenor v. State,* 125 Wis. 444, 104 N. W. 116; *Hurst v. Webster Mfg. Co.* 128 Wis. 342, 107 N. W. 666; *Du Cate v. Brighton,* 133 Wis. 628, 114 N. W. 103; *Dralle v. Reedsburg,* 135 Wis. 293, 115 N. W. 819, and similar cases where the communication with the jury was by the trial judge. The doctrine of those cases cannot be extended.   The tendency, perhaps, should rather be the other way in view of the re-enactment in a significantly emphatic way of the principles of sec. 2829, Stats. 1898 [see Laws of 1909, ch. 192: sec. 3072*m,* Stats.]

*By the Court.*—The judgment is affirmed.