BANASZEK, by guardian *ad litem,* Respondent, vs. F. MAYER
BOOT & SHOE COMPANY, Appellant.

*November 1—November 18, 1913.*

*Master and servant: Unguarded machinery: Special verdict: In-
structions to jury: New trial: Misconduct of jurors: Consulting
dictionary: Discretion: Appeal.*

1. With reference to a question in the special verdict in an action
for injuries to a servant, as to whether the rollers on a ma-
chine were securely guarded, the court instructed the jury
that they should answer the question "No" if they found that
the rollers were not securely guarded "and the plaintiff's neg-
ligence did not proximately contribute to the injury." *Held,*
that it was error to add the clause above quoted.

2. Jurors having, during their deliberations, obtained a diction-
ary and read therein a definition of the word "proximate" at
variance with the definition correctly given by the trial court,
an order granting a new trial because of such irregularity is
*held* not manifestly wrong, and is affirmed, although eleven of
the jurors (the other not being found) made affidavits that the
verdict was not influenced by the use of the dictionary.

[3. Whether such affidavits of the jurors were properly received in
evidence to support the verdict, not determined.]

APPEAL from an order of the circuit court for Milwaukee
county: W. J. TURNER, Circuit Judge. *Affirmed.*

Plaintiff received an injury September 1, 1911, to his
hand while feeding leather soles through large rolls in a
machine in defendant's shoe factory. At the close of the
trial the jury returned the following verdict:

"(1) Were the revolving appliances on the machine at
which the plaintiff was at work at the time he was injured
securely guarded? *A.* No.

"(2) If you answer the first question 'No,' then answer:
Was the fact that the revolving appliances were not securely
guarded the proximate cause of the plaintiff's injury? *A.* Yes.

"(3) Was the breaking of the iron guard referred to in
the testimony caused by the wedging in the slot of said guard

of a bunch of soles, placed one upon the other and overlapping at the ends?  *A.*  Yes.

"(4) If you answer the third question 'Yes,' was the bunch of soles, one upon the other and overlapping at the ends, inserted in the slot of said guard by the plaintiff? *A.* Yes.

"(5) Was the plaintiff guilty of any want of ordinary care which proximately contributed to his injury?  *A.*  Yes.

"(6) What sum will reasonably compensate the plaintiff for the injury he sustained?  *A.*  $3,000."

A week or more after the jury rendered its verdict it came to the attention of the judge that while the jury were deliberating on their verdict a juror was permitted by the bailiff in charge of the jury to leave the jury room and go to the judge's chamber and there consult the Standard Dictionary as to the definition of the word *proximate*.  Later he was permitted to bring the dictionary into the jury room.  The court advised the parties of the irregularity and heard arguments upon it.  At the hearing the affidavits of eleven jurors were read to the effect that the verdict was not influenced by the use of the dictionary; that a dispute had arisen between certain jurors as to whether the definition of the term "proximate cause" as given by the court was the same as that usually found in dictionaries, and that solely for the purpose of settling such dispute the dictionary was resorted to; and that the definition of the term "proximate cause" as given by the court controlled the jurors in reaching their verdict.  The twelfth juror could not be found.  The trial court set aside the verdict and granted a new trial on the ground that the evidence preponderated in favor of the contention that the misconduct of the jurors constituted a substantial error and affected the substantial rights of the plaintiff.  The defendant appealed.

For the appellant there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

For the respondent there was a brief by *Rubin & Zabel,* attorneys, and *Horace B. Walmsley,* of counsel, and oral argument by *Mr. Walmsley.*

VINJE, J. In instructing the jury upon the first question the court said: "If you believe that the rollers were securely guarded you will answer this question 'Yes.' If, on the other hand, you find that the rollers were not securely guarded *and the plaintiff's negligence did not proximately contribute to the injury, then you must answer this question 'No.'*" It was error to add the latter clause with reference to plaintiff's contributory negligence, for, manifestly, an unguarded condition, or an insecure guarding, of a machine, and contributory negligence on the part of the operator thereof, may co-exist.

By a reference to the verdict rendered the only question whose answer could have been affected prejudicially to plaintiff by consulting the dictionary was the fifth. The first question was answered favorably to him, so he is in no position to claim prejudicial error as to that. The same is true of the second question. In none of the other questions, or instructions relating thereto, was the word "proximate" used, so the irregularity could not have affected the answers to those.

For the purpose of this case we will assume, though we do not decide, that the affidavits of the jurors were properly received in evidence to sustain the verdict when challenged by the specified irregularity. Notwithstanding they all unite in affirming that the verdict was not influenced by the use of the dictionary, the trial court came to a contrary conclusion. He personally observed the jurors during the trial and was in a better position than this court can possibly be to judge of the effect upon them of reading a definition in a dictionary of acknowledged authority at variance with that

given by the court, for the definition in the Standard Dictionary omits the element of reasonable anticipation of injury contained in that correctly given by the trial court. In view of this fact and of the rule that this court will not disturb an order of a trial court granting a new trial unless manifestly wrong, we conclude that the order must be affirmed.

Defendant urges that, in view of the answers given by the jury to questions 3 and 4, this court should say as a matter of law that plaintiff was guilty of contributory negligence. We are unable to reach that conclusion, and, as there must be a new trial, we forbear to discuss the question lest we might thereby foreclose the trial court and jury from giving an unbiased decision thereon under the evidence as it may then appear.

*By the Court.*—Order affirmed.