WALCZAKOWSKI, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*April 10—May 1, 1914.*

*Street railways: Injury to passenger: Negligence: Special verdict: Inconsistency: Liability: Cause of accident not established: Instructions to jury: Harmless errors: Reinstructing jury: Absence of counsel.*

1. Where, in an action for injuries sustained in alighting from a street car, plaintiff's claim was that the car suddenly started forward with a jerk and threw him off, and defendant claimed that the injury was the result of a voluntary attempt to alight while the car was in motion, findings by the jury negativing both such claims were not inconsistent.
2. Plaintiff, having in such case failed to show that defendant was negligent as claimed, was not entitled to recover; and it was not necessary, in order to sustain a judgment for defendant, that the true cause of the accident should be established. *Samulski v. Menasha P. Co.* 147 Wis. 285, distinguished.
3. Error, if any, in an instruction as to the place at which plaintiff had a right to have the car stopped was not prejudicial, because

such instruction had no bearing on the finding that the car did
not start forward with a sudden jerk.

4. Where counsel voluntarily leave court after the jury has been
sent out to deliberate upon their verdict, the judge is under no
obligation either to send or to wait for them before reinstruct-
ing the jury or receiving their verdict; but if their attendance
can be procured without unreasonable delay, it is better practice
to do so.

APPEAL from a judgment of the circuit court for Milwau-
kee county: OSCAR M. FRITZ, Circuit Judge.    *Affirmed.*

Action for personal injury.    On August 31, 1912, plaint-
iff was riding on a car of the defendant, and he claims that,
as he stood on the step ready to alight, the car suddenly
started forward with a jerk and threw him off.    The defend-
ant claims that plaintiff voluntarily alighted while the car
was in motion and thus sustained his injuries.    The jury
found (1) that plaintiff was not injured as a result of his at-
tempting to alight from the car while it was in motion;
(2) that the car was not suddenly jerked in such a manner as
to cause the plaintiff to be thrown to the pavement; (3) that
no want of ordinary care on the part of the plaintiff proxi-
mately contributed to produce his injury; and (4) that plaint-
iff sustained damages in the sum of $1,550.    Judgment in
favor of the defendant was entered upon the special verdict,
and plaintiff appealed.

For the appellant the cause was submitted on the brief of
*Schmitz, Wild & Gross* and *Peterson & Jackowska-Peterson.*

For the respondent there was a brief by *Van Dyke, Rose-
crantz, Shaw & Van Dyke,* and oral argument by *J. D. Shaw.*

VINJE, J.    Plaintiff claimed that he rang the bell notify-
ing the motorman that he desired to alight at the next regu-
lar stopping place, and that preparatory to getting off he
walked to the steps of the car and stood there holding on to
the side-bars ready to alight when the car should come to a
full stop; that the car slowed up, but instead of coming to a

stop it started forward with a sudden jerk and threw him
off. The defendant's contention was that plaintiff volun-
tarily attempted to alight while the car was in motion and
received his injury as a result thereof. The jury found
against both claims. It is urged that such findings are in-
consistent. This would be so if the only possible ways of
falling from a moving car were either by reason of a sudden
jerk of the car or by voluntarily attempting to get off. There
are other ways, however, and the jury evidently thought so
when answering questions 1 and 2. The answer to ques-
tion 2 defeated plaintiff's right to recover, since it negatived
negligence on the part of the defendant. Such answer is sus-
tained by evidence. This is not a case, as plaintiff seems to
think, where it is necessary, in order to sustain the judgment
entered, to establish the true cause of the accident, for there
is no recovery adjudged upon the verdict. Plaintiff fails to
establish liability because the jury found the evidence did not
show that defendant was negligent in the manner claimed.
Cases, therefore, like *Samulski v. Menasha P. Co.* 147 Wis.
285, 133 N. W. 142, where there was a recovery, cited to the
effect that verdicts must rest upon probabilities and not bare
possibilities, have no application.

There was some conflict or confusion in the evidence as to
whether or not plaintiff rang the bell in time to have the car
stopped at Ninth avenue or at Tenth avenue, and the court,
upon the question of plaintiff's contributory negligence,
charged the jury:

"In connection with this question you are instructed that
the plaintiff as a passenger had no right to demand that the
car should be, or expect that it would be, stopped to let him
off, excepting when the car reached its regular stopping place,
namely, at the end of the block."

It is claimed by plaintiff that this instruction is erroneous
because there was evidence to show the regular stopping place
was at the beginning and not at the end of the block, and

though given relative to the question of contributory negligence, which was found in favor of plaintiff, it had such a general bearing upon the entire case that the jury must have had it in mind in answering the other questions. Assuming, but not deciding, that it was erroneous, we cannot perceive what possible connection it had with, or bearing upon, question number 2, which found the car did not start forward with a sudden jerk. This was the only question resolved adversely to plaintiff. If it did not affect the answer to this question, as we hold it did not, plaintiff was not harmed by it even if erroneous.

The contention that the court erred in reinstructing the jury upon their request because the clerk's minutes do not show that court was in session or open, but merely that the "jury returned into court," though such return into court was as late as 11:10 p. m., is too trivial for serious discussion.

Counsel for plaintiff were not present when the jury was reinstructed. No duty devolved upon the court to send for them or wait their return. If counsel voluntarily absent themselves from court after the jury has been sent out to deliberate upon their verdict, the court is under no obligation to either send or wait for them before reinstructing the jury or receiving their verdict. Such a rule would in many cases seriously and needlessly hamper trial judges in the discharge of their duties. Where, however, their attendance can be procured without unreasonable delay, it is better practice to do so. *Meier v. Morgan,* 82 Wis. 289, 52 N. W. 174; *Hurst v. Webster Mfg. Co.* 128 Wis. 342, 107 N. W. 666.

*By the Court.*—Judgment affirmed.