SHORT, Respondent, vs. Boss, Appellant.

*April 2—April 30, 1929.*

*Herman Leicht* of Medford, for the appellant.

For the respondent the cause was submitted on the brief of *Rush & Devos* of Neillsville.

ESCHWEILER, J. In closing his charge to the jury upon the special verdict of ten questions, with subdivisions, the court said: "After you have arrived at your own conclusions as to how the question should be answered, you will have your foreman write in the answer, and after you have completed your work you will return into court." No reference was made in the charge to the present statutory provision, sec. 270.25, providing for a five-sixths verdict.

As returned, the verdict on its face would seemingly have warranted judgment for defendant on his counterclaim. Two of the jurors signed their names at the end of the answers to five of the questions. The answers so subscribed appeared, therefore, to be a five-sixths verdict.

Upon being handed the verdict the court said that he had not instructed them on a five-sixths verdict, and—"but I see you have answered some of the questions that way." The foreman then stated: "We asked the bailiff if they could be answered that way and he said it was all right, and that it was their verdict unless they had made a mistake there." The jury was then polled with the same result as had been indicated on the face of the verdict. Thereafter the respective parties made a number of alternative motions, all of which are severally denied except that of the plaintiff for a new trial because of the misconduct of the jury.

The record here clearly shows that plaintiff's motion for a new trial was granted solely because the form of the verdict as presented was apparently the result of the above mentioned statement being made to the jury, at its request, by the deputy sheriff and in the absence of court and counsel,

The trial court was of the opinion that the duty was imperative on him to so grant a new trial because it seemed to him that such a statement by the deputy sheriff was in fact an instruction as to the law in the case and must be considered as of the same effect as though the trial court had outside of the court room, and without having it written, said the same thing to the jury.

Such view, respondent now contends, is correct and mandatory because of the provisions of sec. 270.21, Stats., requiring the trial judge to either reduce to writing and give as so written, or, when delivered orally, to be taken down by the reporter, his charge and instructions and all further and particular instructions in case the jury return after having first retired to deliberate, and further providing that if any judge shall violate such provisions or make any comments to the jury upon the law or facts on the trial without the same being so in writing, the verdict found shall be reversed.

We do not, however, consider such statutory provisions applicable here, they so plainly apply to conduct by the trial judge himself and not to misconduct or mistake of the jurors themselves or of some third person. There was here, therefore, no violation by the trial judge of his duty as fixed either by statute or judicial decision, and what was ruled in the case of *Hurst v. Webster Mfg. Co.* 128 Wis. 342, 347, 107 N. W. 666, cited by the trial court as controlling him, or in *Du Cate v. Brighton,* 133 Wis. 628, 637, 114 N. W. 103, and *Havenor v. State,* 125 Wis. 444, 446, 104 N. W. 116, is not here controlling.

Having reached the conclusion just above indicated, it is not here necessary to determine whether or not a mere statement by the trial court to a jury concerning the statutory provisions for a five-sixths verdict is within the scope of said sec. 270.21 as being a part of the "charge and instructions" therein referred to. It has often been held that it is not everything that is said by a trial court to a jury after

the testimony is closed that is necessarily within such statute and required to be in writing, as is declared in many decisions. *Hasbrouck v. Milwaukee,* 21 Wis. 217, 225, 238; *Moore v. Platteville,* 78 Wis. 644, 651, 47 N. W. 1055; *Gibbons v. Wisconsin Valley R. Co.* 66 Wis. 161, 166, 28 N. W. 170.

Although the conduct of the jury and the deputy sheriff in this particular instance, well intentioned as it unquestionably was by all concerned, is not to be approved, yet it certainly was not such misconduct by the officer or the jury as should be held to vitiate the verdict under the rule long and well established in this state. *Wetzler v. Glassner,* 185 Wis. 593, 598, 201 N. W. 740; *Manna v. State,* 179 Wis. 384, 404, 192 N. W. 160; *Dishmaker v. Heck,* 159 Wis. 572, 577, 150 N. W. 951; *Ketchum v. C., St. P., M. & O. R. Co.* 150 Wis. 211, 220, 136 N. W. 634; *Parb v. State,* 143 Wis. 561, 563, 128 N. W. 65; *Oborn v. State,* 143 Wis. 249, 278, 126 N. W. 737; *Sedlack v. State,* 141 Wis. 589, 591, 124 N. W. 510; *Logeman Bros. Co. v. R. J. Preuss Co.* 131 Wis. 122, 132, 111 N. W. 64; *Olwell v. Milwaukee St. R. Co.* 92 Wis. 330, 335, 66 N. W. 362.

It was by no means such conduct as brings the present situation within the line of decisions declaring certain misconduct on the part of jurors or officers of the court prejudicial error, as held in such cases as *La Valley v. State,* 188 Wis. 68, 80, 205 N. W. 412; *Banaszek v. F. Mayer Boot & Shoe Co.* 155 Wis. 127, 129, 143 N. W. 1062; *Sawvel v. Bitterlee,* 86 Wis. 420, 56 N. W. 1086.

*By the Court.*—Order reversed, and cause remanded for further proceedings.