HACKBARTH, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 10—February 4, 1930.*

4

For the plaintiff in error there were briefs by *Robert V. Baker,* attorney, and *Robert V. Baker, Jr.* and *Chris. A. Juliani,* of counsel, all of Kenosha, and oral argument by *Robert V. Baker, Sr.* and *Robert V. Baker, Jr.*

For the defendant in error there was a brief by *John P. McEvoy,* assistant district attorney of Kenosha county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. McEvoy* and *Mr. Messerschmidt.*

STEVENS, J. (1) The fact that the defendant was guilty of an offense against the laws of the state is established beyond all reasonable doubt. Defendant's counsel does not question his guilt, but contends that he is not guilty of the offense of kidnapping as defined in sec. 340.54 of the Statutes, under which he was sentenced. Counsel asserts that to be guilty of the offense of kidnapping one must either actually carry the person kidnapped out of the state or unlawfully confine him in the state with the intent to carry him outside its boundaries. This was undoubtedly the rule under the early common law. *Smith v. State,* 63 Wis. 453, 457, 23 N. W. 879.

The rule of the early common law has been changed by statute. The offense of kidnapping as now defined by sec. 340.54 of the Statutes does not require proof of either the actual carrying or the intent to carry one beyond the boundaries of the state, although proof that such an offense had been committed would constitute kidnapping under the statute.

The count of the information under which the defendant was convicted alleges that defendant with others forcibly confined the man in question within this state without lawful authority and against his will with intent to cause him to be secretly confined within the state. This allegation brings the offense clearly within the provision of sec. 340.54 of the

Statutes, which subjects one to imprisonment of from one to fifteen years "who shall, without such [lawful] authority, forcibly seize, confine, inveigle or kidnap another with intent to cause such person to be secretly confined or imprisoned in this state against his will." It is the intent to secretly confine which distinguishes this offense from false imprisonment. *Smith v. State,* 63 Wis. 453, 462–3, 23 N. W. 879. In that case the information did not allege any such intent. It was therefore held that the offense charged was of false imprisonment and not kidnapping.

(2) The only other question presented relates to a communication between the trial judge and the jury while the jury was deliberating upon its verdict.

During the progress of the trial defendant's counsel had asked the officers who took defendant's statement whether they had not told him that he might go to prison for fifteen years for the offense. While the jurors were deliberating upon their verdict the foreman sent a note to the trial judge, who was engaged in another trial, asking that he be told the minimum and maximum penalty for the offense charged. The judge wrote "not less than one year nor more than fifteen years" upon the note and sent it back to the jury room by the bailiff in charge of the jury.

"No court has been more careful than this court in insisting that all communications between the court and the jury should be in the open court room and free from even a suspicion of secrecy." *Dishmaker v. Heck,* 159 Wis. 572, 577, 150 N. W. 951. "No communication whatever ought to take place between the judge and the jury, after the cause has been submitted to them by the charge of the judge, unless in open court, and, where practicable, in presence of the counsel of the cause." *Havenor v. State,* 125 Wis. 444, 447, 104 N. W. 116.

Any failure to observe this rule constitutes error for which a new trial must be ordered if "it shall appear that

the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial." Sec. 274.37, Stats.

Because of the commanding influence which the judge exercises in the trial of jury issues, both trial and appellate courts will more readily find prejudicial error in the acts and conduct of trial judges than in conduct and acts of some other person who occupies a less commanding position. But nevertheless in order to set aside a judgment, even in those cases where the conduct of a trial judge is under consideration, it must appear that the error complained of has prejudiced the substantial rights of the party complaining of the conduct.

In the case at bar it affirmatively appears that the erroneous conduct on the part of the trial judge did not affect the substantial rights of the defendant. His own statement of his participation in this unfortunate affair established his guilt so conclusively that no question as to his guilt of an offense against the law is or can be raised on this appeal. The only question presented is one of law,— whether the facts proven establish an offense under sec. 340.54 of the Statutes. To hold under such circumstances that the erroneous conduct of the trial judge requires the granting of a new trial "would seem to be almost an affront to good sense," to adopt the words of Mr. Chief Justice WINSLOW in holding that a communication between a trial judge and the foreman of a jury, not in the presence of the rest of the jury or of the parties to the case, was not prejudicial error. *Dishmaker v. Heck*, 159 Wis. 572, 577, 150 N. W. 951.

*By the Court.*—Judgment affirmed.