LEIDE, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 10, 1937—January 11, 1938.*

*Max Raskin* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Mil-

waukee county, and *Charles J. Kersten,* assistant district attorney, and oral argument by *Mr. Kersten.*

FOWLER, J. The defendant assigns as error that, (1) the evidence does not support the conviction for want of proof of penetration; that (2) the court permitted a view of the premises by the jury after the case had been submitted to them; that (3) the court interviewed the jury in the absence of the defendant and his counsel; and (4) that the court erred in instructing the jury to suspend their deliberations.

(1) We perceive no need to detail the evidence bearing upon the fact of penetration. We have considered it, and in our judgment it amply supports the conclusion that penetration was effected.

(2) After the case had been submitted to the jury, and they had had it under consideration from 10:25 to 11:18 a. m., the jury upon their request were brought into court, in presence of the defendant and his counsel. They asked that they be permitted to view the premises where the act involved was committed. Counsel for the defendant argued that the view should be permitted. The court refused the request. After the jury retired, counsel for the defendant said to the court that he thought the request reasonable, that the court had no discretion to refuse it, and entered on the record an exception to the refusal. After argument by counsel in support of his views, the court stated that he would not grant the request unless good authority were shown for it, and told counsel to see if he could find such authority, and counsel said that he would. Consultation thereafter occurred between counsel and the court in chambers which the record does not disclose. At 1:50 p. m. the defendant and his counsel and counsel for the state being present in court, the court asked counsel if they had anything further to say before the jury were brought in. Counsel for the state said he had nothing to say at the time, and counsel for the state stated

that in view of the request of counsel for the defendant he would consent to a view. Defendant's counsel stated that he had made no request. The court asked him whether he wanted a view or not, and he responded that it was not up to him to say. The court then asked him directly if he objected to a view, and he responded that it was not for him "to do one thing or the other" as the request came from the jury. The court reminded him that he had excepted to its refusal to grant the request, and counsel replied in effect that his exception merely indicated that he disagreed with the court's interpretation of the law. On further inquiry he stated that his view of the law was that the request should be granted. The jury was then brought in. On inquiry the foreman stated that the jury still desired a view, and the court thereupon directed that a view be taken. A view was thereupon taken, "the court, counsel and the defendant being present." It is not suggested that anything occurred upon the view, other than the view itself, that could in any way have operated to the prejudice of the jury, or that the court incorrectly or insufficiently instructed the jury as to the purpose of the view, or as to the effect to be given to what they observed.

We consider that the view was properly granted. There was reason for the jury's request. The act involved was committed in a small room. Whether the interior of the room was observable from the outside was in question, and whether it was bore upon the likelihood of the act having been committed as claimed by the state. The view would assist the jury in properly evaluating the evidence in dispute.

(3) Ten minutes after the jury retired on making their request for a view they were brought into court by direction of the court. On their being seated the court immediately asked whether counsel were present. Apparently the defendant was not in the room. One of the state's attorneys stated that defendant's attorney had gone to his office to look up

the law as to the right of the jury to a view. The court immediately sent the jury back to their room with the statement: "We will consider this further, jurors, so in the meantime you can suspend your deliberations on that particular feature until the court passes on it finally—that is, your request to view the premises."

We do not perceive that prejudice to the defendant could possibly have resulted from the proceeding above detailed. As stated in (1) above, there was a conference in chambers immediately on the retirement of the jury after their request for a view. The jury were manifestly sent for by the court under the impression that the defendant and his counsel were still in the courtroom. On discovering that they were not the court immediately directed their retirement. His statement to the jury above quoted was entirely innocuous. Counsel relies on *Havenor v. State,* 125 Wis. 444, 104 N. W. 116, in support of his contention. The court in the instant case manifestly attempted to conform with the ruling in that case, to the effect that the court should have no communication with the jury except in open court, and in the presence of the defendant and his counsel. Such communication as occurred was in open court, and immediately on discovering that the defendant and his counsel were not present, the court directed the bailiff to "get" them. What was said to the jury merely indicated that their request for a view would be "finally passed upon" as soon as counsel returned into court. In this we perceive no harm.

(4) Assignment of error (4) is based upon the statement of the court quoted at length in (3). The statement did not direct the jury to cease consideration of the case. It merely suggested to the jury not to "deliberate" on their "request for a view," which would be acted upon by the court. Manifestly it was contemplated that counsel would be brought into court and the request would then be finally acted upon. Counsel and the defendant and the jury were all in court

again at 1:50 p. m. During the interval the jury had manifestly been taken out to dinner. During the time they were out there would naturally be a "suspension" of their deliberations. No harm could have resulted from the statement of the court referred to.

*By the Court.*—The judgment of the municipal court is affirmed.